### WILLARD v. CHICAGO, B. & Q. R. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1908.)

#### No. 1,426.

1. REMOVAL OF CAUSES (§ 111*)—JURISDICTION OF FEDERAL COURT—GROUNDS MUST APPEAR OF RECORD.

The jurisdiction acquired by a federal court by removal is strictly limited to the statutory grounds, and rests solely on the state of facts and controversy of record as brought from the court of original cognizance, and neither acquiescence of the parties nor the action of the state court can enlarge the statutory jurisdiction of the federal court nor divest that of the state court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 111.*]

2. REMOVAL OF CAUSES (§ 29*)—DIVERSITY OF CITIZENSHIP—JOINT ACTION.

A joint action brought in a state court of Illinois against a lessor and a lessee railroad company to recover for a personal injury incurred in the operation of the road, in which joint negligence and liability are charged, is not removable by the lessee on the ground that it is a foreign corporation and in the exclusive use and operation of the railroad and alone liable, if there is any liability, for the injury complained of, and that its codefendant, a resident corporation, was fraudulently joined, in view of the established rule in Illinois which authorized the joinder and joint recovery in such cases in the state courts.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 69; Dec. Dig. § 29.*]

3. REMOVAL OF CAUSES (§ 36*)—PETITION FOR REMOVAL—ALLEGATION OF FRAUDULENT JOINDER.

An averment of fraudulent joinder in a petition for removal is without force unless proven.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The plaintiff in error, as administrator of the estate of Harold R. Wellman, was the plaintiff below in this action, brought in the city court of Aurora, Ill., to recover of the defendant corporations for alleged joint negligence in the operation of their railroad in Illinois, causing the death of the intestate; and the declaration filed in that court expressly charges such defendants with joint liability, in a plea of trespass on the case. Application for removal of the suit to the federal court was made on behalf of the defendant Chicago, Burlington & Quincy Railway Company, as an Iowa corporation, and its petition avers (in substance) that the controversy was "wholly between citizens of different states"; that the defendant Chicago, Burlington & Quincy Railroad Company was an Illinois corporation, owning the railroad in question prior to 1901, when it leased to the petitioner all its property and all rights "except the lessor's franchise to be a corporation"; that the petitioner has ever since operated and managed such railroad, with no possession or use thereof in the lessor defendant; and that such lessor corporation "was fraudulently and improperly joined as a party defendant in this cause for the sole purpose of defeating the right" of removal thereof to the federal court. The cause was then removed to the trial court; motion was made by the plaintiff to remand, but was subsequently withdrawn; and the plaintiff then filed additional counts to the declaration, averring in each the relation of the defendants, respectively, as lessor and lessee of the railroad, operation thereof by the lessee corporation, and negligent acts on the part of such lessee causing the injury in suit. On plea of the general issue, the trial proceeded, resulting in direction of verdict for the defendants and judgment accordingly, with this writ of error prosecuted by the plaintiff to reverse such judgment.

Coll. McNaughton, for plaintiff in error.
David J. Peffers, for defendants in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). On this writ of error the fundamental question arises, whether the trial court obtained jurisdiction of the cause, as brought from the state court, on petition and order for removal to the federal court; and such inquiry cannot be set aside to examine the contentions upon the merits, in reference to the direction of a verdict in favor of each defendant, at the conclusion of the plaintiff's testimony. The case was removed under a declaration in trespass, which distinctly charges the two defendant corporations with joint negligence and joint liability, in causing the death of the intestate; and on petition of one of the defendants, as a foreign corporation, averring that it was the lessee of the other defendant (Illinois corporation) in the exclusive use and operation of the railroad and alone liable for the alleged injury, if liability arose, and that the resident corporation "was fraudulently and improperly joined as a party defendant." With no evidence of record in the state court, aside from these pleadings, we are of opinion that jurisdiction for trial of the controversy as one "wholly between citizens of different states," within the removal act of March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 507), and amendments, was not acquired by the trial court. Jurisdiction of such cases in the federal court is strictly limited to the statutory ground, and rests solely on the state of facts and controversy of record, as brought from the court of original cognizance, so that the rule is inflexible that acquiescence of the parties

(M., C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 382, 4 Sup. Ct. 510, 28 L. Ed. 462), failure to press motion to remand, or other proceedings in the federal court, after removal, are without force to enlarge the statutory authority of the federal court in causes so brought. Alabama Southern Ry. v. Thompson, 200 U. S. 206, 213, 26 Sup. Ct. 161, 50 L. Ed. 441 and cases reviewed; Offner v. Chicago & E. R. Co., 148 Fed. 201, 202, 78 C. C. A. 359.

The right of the plaintiff is indisputable to sue the defendants in the state court—averring their joint liability, if so advised—and to have adjudication upon such claim in that forum, unless due cause for removal to the federal court is there established; and such right is neither lost by an unauthorized removal, nor abandoned by the plaintiff's procedure thereafter in the federal court, through amended declaration or otherwise, to make the best of the condition thus arising. Whether removal is ordered or denied in the state court does not settle the subsequent jurisdiction, which rests on the state of facts there exhibited and not upon the ruling of the court; with federal cause for removal established by the petitioner, jurisdiction is transferred ipso facto, while failing such evidence jurisdiction remains in the state court, irrespective of any order there entered. The cause presented in the state court by the declaration was joint, expressly charging joint negligence and liability—plainly tendering no issue of several negligence, and not provable for several liability—so that the controversy was not removable on such election of plea, in the absence of unmistakable proof of bad faith in the joinder, as a fraud upon the court and parties. In reference to the averment of fraudulent joinder, contained in the petition for removal, it is sufficient to remark that no facts are stated in its support, and the mere deduction or legal conclusion of the pleader so stated, under the well-settled rules of pleading (Fogg v. Blair, 139 U. S. 118, 127, 11 Sup. Ct. 476, 35 L. Ed. 104), is without force unless proven. This averment, however, is not only unsupported by facts, but the good faith of the plaintiff, in such joinder of the lessor corporation, is fully vindicated by the conceded fact of an established rule in Illinois which authorizes joinder and joint recovery, under such circumstances, in the state forum. See Chicago & G. T. Ry. Co. v. Hart, 209 Ill. 414, 70 N. E. 654, 66 L. R. A. 75. That the general doctrine is otherwise—that joint recovery against a lessor, under the conditions stated in the petition, is denied in the federal courts, by numerous authorities cited in opposition—cannot debar the plaintiff of his right of action (and such benefit as the local rule may afford) in the state court, nor authorize removal of his suit under the federal statutes, as above construed by the ultimate tribunal.

For want of jurisdiction in the trial court, therefore, under the removal proceedings, the judgment is reversed, and the cause remanded to the Circuit Court of the United States for the Northern District of Illinois, with direction to remand the same to the city court of Aurora, Kane county, Ill.