ENOS v. KENTUCKY DISTILLERIES & WAREHOUSE CO. et al.

(Circuit Court of Appeals, Sixth Circuit. July 11, 1911.)

No. 2,089.

1. REMOVAL OF CAUSES (§ 107*)—PARTIES—FRAUDULENT JOINDER—BURDEN OF PROOF.

Where a petition for removal stated sufficient grounds therefor and charged a fraudulent joinder of parties to prevent removal, on plaintiff's denial, the burden of proof of fraudulent joinder was on the removing defendants.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 230; Dec. Dig. § 107.*

Fraudulent joinder of parties to prevent removal of cause, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

2. REMOVAL OF CAUSES (§ 36*)—PARTIES—FRAUDULENT JOINDER—PERSONS ENGAGED IN SUPERINTENDENCE.

Decedent was killed by falling down an open elevator shaft in a distillery in Kentucky belonging to and operated by nonresident defendants. Defendants. H. & B., who were residents of Kentucky, were, respectively, the superintendent and foreman of the distillery at the time of the accident. The foreman under the superintendent's direction employed decedent as well as the other hands working in the distillery. The fore-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

man under the superintendent's orders had taken out the elevator and had removed the guards or barriers at the shaft opening, which the removal of the elevator and the repair work made necessary. The elevator had been out of service for several weeks, and a carpenter had been employed to work thereon who had used a plank across the elevator shaft while at work, and left it there from at least the day before the accident. The plank was across the opening on the morning of the accident when decedent was engaged in lowering barrels from the fifth floor with the knowledge of the foreman and presumably of the superintendent, and while so engaged decedent and the plank in some way fell through the opening to the bottom of the shaft. Negligence was alleged jointly in removing the elevator and in substituting the block and tackle for the lowering of the barrels, in allowing the loose plank to lie across the elevator shaft opening, and in failing to provide a guard or protection around the shaft. *Held*, that since, if the nonresident corporations owning and operating the distillery were liable, it was solely because of the negligence of the resident defendants, one or both, and under Kentucky law a servant whose negligent acts cause liability of the corporation may, as matter of right, be joined as defendant with the corporation, the complaint, alleging such facts, did not show a fraudulent joinder of parties authorizing the removal of the case to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

3. REMOVAL OF CAUSES (§ 36*)—PARTIES—FRAUDULENT JOINDER.

The rule permitting removal to the federal court in case of a fraudulent joinder of a defendant whose presence destroys diversity of citizenship cannot be extended to authorize an inference of such fraudulent joinder from the fact only that no cause of action is found to exist against any defendant, resident or nonresident, or permitting removal in a case where the negligence of a corporation defendant can be made out only by proof of negligence of the servant alleged to have been fraudulently joined, but against whom a cause of action is stated.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

4. COURTS (§ 406*)—JURISDICTION—REVIEW.

Where a case was improperly removed to the federal court, and such court had no jurisdiction for lack of diversity of citizenship, the Court of Appeals on a writ of error was bound to declare such lack of jurisdiction, and remand the case to the Circuit Court, with directions to remand to the state court, without determining any other questions.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 406.*]

In Error to the Circuit Court of the United States for the Western District of Kentucky.

Action by Fannie Enos, administratrix of the estate of Charles Thomas Enos, deceased, against the Kentucky Distilleries & Warehouse Company and others. Judgment for defendants, and plaintiff brings error. Reversed.

A. E. Richards (O'Doherty & Yonts, on the brief), for plaintiff in error.

E. P. Humphrey (Bennett H. Young and Marion P. Humphrey, on the brief), for defendants in error.

Before SEVERENS and KNAPPEN, Circuit Judges, and DENISON, District Judge.

KNAPPEN, Circuit Judge. The plaintiff in error brought suit in the circuit court for Jefferson county, Ky., for the recovery of damages on account of injuries, resulting in death, received by decedent in

falling down an open elevator shaft in the John G. Roach Distillery at Louisville, Ky., while decedent was employed therein. The suit was brought against the defendants above named, with whom were joined George A. McCran, W. J. O'Hearn, and Martin Bittner. The Distilleries & Warehouse Company is a New Jersey corporation and the owner of the distillery. Julius Kessler & Co. is a West Virginia corporation which was operating the distillery at the time of the accident in question. The whisky was being made in the name of Julius Kessler (who was a citizen of Illinois) under a government regulation requiring the brands to be taken out in the name of individuals. Shipman's relation is immaterial. He was a citizen of New York. Until a short time before the accident, the whisky had been made in McCran's name. O'Hearn and Bittner were, respectively, the superintendent and foreman of the distillery at the time of the accident. Both they and McCran were citizens of Kentucky. Some weeks before the accident an elevator which operated from the basement to the sixth floor of the distillery was taken out for repairs. The guard rails which had surrounded the elevator opening on the fifth floor were taken away at the same time. In connection with the work of repairing a plank had been in use, extending across the opening of the shaft on the fifth floor. At the time of the accident decedent was engaged, at the opening of the shaft on the fifth floor, in fastening a tackle to barrels, preparatory to lowering the same to the basement by means of a block and tackle operated by workmen upon the sixth floor. In connection with this work the decedent and the plank across the opening of the shaft in some way fell through the opening to the bottom of the shaft. Decedent's death was caused by the injuries thus received.

The defendants were alleged to be jointly and concurrently negligent, first, in removing the elevator and substituting the block and tackle therefor; second, in allowing the loose plank to lie at the elevator shaft opening, and in the absence of sufficient light; and, third, in failing to provide a guard or protection around the shaft opening.

The defendant corporations and the individual defendants Kessler and Shipman joined in a petition for removal of the cause to the federal court, alleging that no cause of action was stated against the resident defendants McCran, O'Hearn, and Bittner; that the allegations charging these defendants with negligence were untrue, and were known by the plaintiff to be untrue when she instituted her suit; that she did not then and does not now expect to prove any of said allegations or to obtain a verdict and judgment against the resident defendants named; and that the latter were joined with the nonresident defendants for the sole and fraudulent purpose of defeating the removal of the cause. The state court approved the removal bond, but refused to order the removal. The transcript being filed in the federal court, a motion to remand was made, issue being joined upon the material allegations in the petition for removal. Testimony upon the issue thus raised was presented by oral examination of witnesses. The circuit court found that McCran's connection with the distillery had entirely ceased previous to the accident, and that he was thus fraudulently joined for the purpose of preventing a removal of the cause.

The court further found that the plaintiff had no right to recover against either O'Hearn or Bittner, this conclusion being based upon the propositions that the place where decedent was working became unsafe, if at all, by the negligent performance of the work in hand; that decedent had assumed the risk, and that it was fairly open to conjecture that his negligence was the cause of the accident; that Bittner's duty was not shown to include the putting in of an elevator instead of a block and tackle; and that O'Hearn was absent from the warehouse on the day of the accident, and gave no directions and did no act which would entitle the plaintiff to believe that she had any cause of action against him. The court further expressed the opinion that had plaintiff before commencing suit made earnest inquiry as to the exact facts she would have so discovered, and that she had no right to shut her eyes and refrain from such inquiry, and that from such facts and from her failure to testify as to her good faith in joining O'Hearn and Bittner as defendants it was fairly presumable that they were joined as defendants with the like fraudulent purpose of preventing removal. The motion to remand was accordingly denied. At the conclusion of a trial upon the merits verdict and judgment were directed in favor of the defendants. The assignments argued here relate to the refusal to remand and to the direction of verdict and judgment.

[1] Assuming that the petition for removal stated sufficient ground therefor, upon the plaintiff's denial of the allegations of fraudulent joinder, the burden of proof was upon the removing defendants to establish the fact of fraudulent joinder. See Hunter v. Illinois Central R. R. Co., 188 Fed. 645 (decided by this court June 6, 1911). The parties recognized this condition, the only testimony upon the hearing of the motion to remand being presented by defendants.

[2] It affirmatively appeared that O'Hearn and Bittner were in the employ of Kessler & Co.; that O'Hearn was superintendent of the distillery and hired Bittner, the foreman, and that the latter under the superintendent's direction employed decedent as well as the other hands at work in the distillery; that the superintendent ordered the taking out of the elevator; that the foreman took it out, taking away in that connection the guards or barriers at the shaft opening, which the removal of the elevator and the repair work made necessary; that the elevator had been out of service for several weeks; that the foreman employed the carpenter who was at work on the elevator; that this carpenter used the plank across the elevator shaft while at work, and left it there from at least the day before the accident, if not for a longer period; that the plank was across the opening on the morning of the accident, and the work of lowering the barrels entered upon, all with the knowledge of the foreman, and, in large part, presumably with that of the superintendent; and that the foreman, with this knowledge and under the circumstances stated, assigned decedent to his work on the fifth floor at the elevator shaft, as well as those assisting with the block and tackle on the floor above. From these facts it is apparent that, if the Distillery Company and Julius Kessler & Co. were liable for decedent's injuries, it is because of the negligent acts of O'Hearn and Bittner, one or both. In other words, if neither of

them was negligent, defendants would not be liable; and, if either were properly joined, the case was not removable. According to the settled law in Kentucky, the servant whose negligent act creates the liability of the corporation may, as a matter of right be joined as defendant with the corporation. Cincinnati & T. P. Ry. Co. v. Bohon, 200 U. S. 221, 223, 26 Sup. Ct. 166, 50 L. Ed. 448; Winston's Adm'r v. Illinois Central R. R. Co., 111 Ky. 954, 957, 65 S. W. 13, 55 L. R. A. 603. To assert, therefore, that O'Hearn and Bittner were not liable for the decedent's injuries is but another way of asserting that neither the Distillery Company nor Kessler & Co. were liable. Indeed, the circuit court in denying the motion to remand practically found that plaintiff was affirmatively shown to have no cause of action against any of the defendants. The assertion of fraudulent joinder of O'Hearn and Bittner necessarily involves the proposition that the cause of action against even the resident defendants was fraudulently asserted.

[3] But the rule which permits a removal to the federal court in case of the fraudulent joinder of defendants whose presence destroys diversity of citizenship cannot be carried to the extent of permitting such fraudulent joinder to be inferred from the fact only that no cause of action is found to exist against any defendant, resident or nonresident, or of permitting removal in a case where the negligence of the corporate defendant can be made out only by proof of negligence of the servant alleged to be fraudulently joined, but against whom a cause of action is stated.

In Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308, 318, 30 Sup. Ct. 101, 103 (54 L. Ed. 208), the court, in considering the alleged fraudulent joinder of the lessor railroad with the lessee railroad, said:

"The joint liability arising from the fault of the Illinois Central Road gave the plaintiff an absolute option to sue both if he preferred, and no motive could make his choice a fraud. The only way in which fraud could be made out would be by establishing that the allegation of a cause of action against the Illinois Central Railroad was fraudulent, or at least any part of it for which its lessor possibly could be held. But it seems to us that to allow that to be done on such a petition as is before us would be going too far in an effort to counteract evasions of federal jurisdiction."

In Willard v. Chicago, B. & Q. R. Co., 165 Fed. 181, 91 C. C. A. 215, suit was brought charging joint negligence and joint liability against both the lessor and the lessee railroad. The lessee railroad removed the cause to the federal court upon the ground that the lessor road was fraudulently joined as a party defendant. The Court of Appeals of the Seventh Circuit said that:

"The good faith of the plaintiff, in such joinder of the lessor corporation, is fully vindicated by the conceded fact of an established rule in Illinois which authorizes joinder and joint recovery, under such circumstances, in the state forum."

Upon a review of this case in the Supreme Court it was said:

"It cannot be predicated of the plaintiff that he fraudulently and improperly made the Illinois corporation a codefendant with the Iowa corporation when such a charge is negatived, *as matter of law*, by the fact that the plaintiff was, as we have seen, entitled under the laws of Illinois, where the cause of action originated, and within which the road in question

was located, to bring joint action against the Illinois and Iowa companies. Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308, 316 [30 Sup. Ct. 101, 54 L. Ed. 208]. He may have preferred to have the case tried in the state court, just as the Iowa corporation preferred the federal court, but these preferences or motives, not fraudulent or unnatural, were of no consequence. They were immaterial in determining whether the plaintiff had a legal right to bring a joint action against the lessor and the lessee companies and to carry it on in that form to a conclusion." (Italics are ours.) Chicago, B. & Q Ry. Co. v. Willard, 220 U. S. 413, 30 Sup. Ct. 460, 55 L. Ed. 521, decided April 10, 1911.

We agree with the circuit court that the plaintiff's petition stated a cause of action against all the defendants. We are therefore constrained to hold that under the undisputed facts of the case Bittner and O'Hearn were, as matter of law, properly joined, and thus the allegations of fraudulent joinder as to those defendants were not sustained

[4] This being so, and they being proper defendants, the federal court had no jurisdiction of the case for lack of diversity of citizenship. This court therefore not only has the power, but is under a positive duty to declare the lack of jurisdiction of the court below, and to dispose of the case accordingly. See Willard v. Chicago, B. & Q. Ry. Co., supra, 165 Fed. 182, 91 C. C. A. 215.

Having reached this conclusion, it is unnecessary to determine whether the circuit court was right in holding that McCran was fraudulently joined as a defendant, for the circuit court had no jurisdiction of the case if either Bittner or O'Hearn were properly joined. The same consideration makes it unnecessary to consider the probative effect of plaintiff's failure to testify to her good faith in joining the resident defendants, or of the fact that suit was originally brought against the Distilleries Company alone, and upon its removal to the federal court the suit now here instituted.

The question raised as to the effect of the error in the transcript sent up by the clerk of the state court, by which it was made to appear that defendant Kessler was a citizen of Kentucky, is immaterial.

As under the conclusion we have reached the circuit court had no jurisdiction of the controversy, we cannot consider the alleged error in directing a verdict and judgment for the defendant.

For lack of jurisdiction in the trial court the judgment is reversed and the cause remanded to the Circuit Court of the United States for the Western District of Kentucky, with direction to remand the same to the circuit court for Jefferson county, Ky.