## NORTHERN PAC. RY. CO. v. CURTZ.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1912.)

No. 2,098.

1. **RAILROADS (§ 276\*)—DANGEROUS PLACES—RAILROAD YARDS.**

Where it was shown that children had for several years been in the habit of going into cars from which wheat had been unloaded, and which were left standing on a track in a public street owned by defendant railroad company, to the knowledge of and without objection from its employés, for the purpose of sweeping up the scattered wheat, a license to do so may be inferred which bound defendant to use reasonable care to discover their presence and avoid injury to them.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 878–886; Dec. Dig. § 276.\*

Injuries to licensees on trains, see note to Chamberlain v. Pierson, 31 C. C. A. 164.]

2. **RAILROADS (§ 282\*)—ACTION FOR NEGLIGENCE—QUESTIONS FOR JURY.**

Plaintiff, a boy 11 years old, was injured by being thrown from a railroad car standing on defendant's track by the shock caused by the driving of other cars against it. There was evidence from which the jury might have found that he was a licensee, and not a trespasser. *Held*, that the question of defendant's negligence was properly one for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1014–1016, 1019; Dec. Dig. § 282.\*]

In Error to the Circuit Court of the United States for the Western Division of the Western District of Washington.

---

Action at law by Tony Curtz, a minor, by Agnes Curtz, guardian ad litem, against the Northern Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error brought an action against the plaintiff in error to recover damages for personal injuries. The complaint alleged that on or about September 12, 1908, the plaintiff in error held on its switches on Dock street in Tacoma three or four empty cars which had recently been unloaded of wheat; that there was loose wheat lying on the floors of the cars; that the plaintiff in error customarily stored at that place cars from which wheat had been unloaded; that it was customary for many people, including women and children, residing in Tacoma, to collect the wheat in the cars by sweeping the floors thereof; that the plaintiff in error well knew this custom, and permitted and licensed and encouraged said people, including boys of tender years, to enter said cars and sweep up and remove the wheat therefrom; that the defendant in error, a boy of 11 years of age, was carelessly and negligently invited and permitted by the plaintiff in error to board one of its said box cars so standing on said storage tracks for the purpose of sweeping up wheat in said cars; that he was of immature judgment, and unaware of the dangers connected therewith, and that while he and other boys were in said car the servants and employés of the plaintiff in error, knowing that they were there, and in a dangerous position, negligently and carelessly and without warning to the defendant in error or to others propelled a locomotive to which was attached some other cars with great and unnecessary violence and force against the car in which the defendant in error was standing, and thereby caused the same to be moved suddenly and with great violence, throwing the defendant in error from the car and onto the track in front of the wheels of the car, whereby he was injured. The answer put in issue the allegations of negligence, and denied that the plaintiff in error invited or permitted the defendant in error or others to enter said cars for any purpose. On the trial of the case judgment was rendered for the defendant in error.

Geo. T. Reid, J. W. Quick, and L. B. da Ponte, all of Tacoma, Wash., for plaintiff in error.

Heber McHugh and John T. Casey, both of Seattle, Wash., and Bates, Peer & Peterson, of Tacoma, Wash., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above), [1] Error is assigned to the denial of the motion of the plaintiff in error for an instructed verdict. The evidence showed that the injury occurred, not on the private property of the plaintiff in error, but upon a public street of the city of Tacoma, where it was the custom of the railroad company to store its empty wheat cars. There was evidence that loose wheat was left in each car after unloading, and that for more than six years prior to the time of the accident men, boys, and girls daily and openly went into such empty cars to sweep and gather up loose wheat. There was evidence, too, that the railroad employés, including the switchmen, never drove any of these persons away, that there were no notices posted warning trespassers from the cars, and that no other warning was given by the employés of the company. There was evidence that the switchmen frequently told boys where wheat could be found in the cars, and there was testimony that but a few minutes before the injury complained of a switchman directed the defendant in error and his two little cousins to the cars, in one of which the defendant in error was sweeping

wheat at the time of the injury. There was evidence tending to show that the company knew that the children were in the custom of sweeping the wheat in these empty cars.

[2] There having been proof to go to the jury to show that the defendant in error was a licensee and not a trespasser on the car, the only question on which the liability of the defendant in error depended was the question of its negligence in the act which directly caused the injury. There was testimony that the cars at the immediate spot where the injury occurred were part of a long train of freight cars which stood on a curve, and that the men on the locomotive and the cars attached thereto which were approaching could not see these empty wheat cars, and that there was no one directly in charge of or looking after the wheat cars at that time. There was evidence that the empty wheat cars, in one of which the defendant in error was, received such a severe blow when struck by the other cars that the children who were in them were thrown violently against the sides of the cars they were in, and that immediately the cars suddenly started in the opposite direction. This testimony, if credited by the jury, was sufficient to show negligence on the part of the plaintiff in error.

The occupant or owner of premises who invites, either expressly or impliedly, others to come upon them, owes to them the duty of using reasonable and ordinary diligence to the end that they be not necessarily or unreasonably exposed to danger; and an implied invitation to another to enter upon or occupy premises arises from the conduct of the parties, and from the owner's knowledge, actual or imputed, that the general use of his premises has given rise to the belief on the part of the users thereof that he consents thereto. This doctrine has often been applied to cases where a railroad company permits the public to cross its track between given points, and it is universally held that, where for a considerable period persons have been accustomed so to cross a railroad track, the employés of the company in charge of its trains are required to take notice of that fact, and to use reasonable precautions to prevent injury to persons whose presence there should be anticipated. Felton v. Aubrey, 74 Fed. 350, 20 C. C. A. 436; Garner v. Trumbull, 94 Fed. 321, 36 C. C. A. 361; Northern Pacific Ry. Co. v. Baxter, 187 Fed. 787, 109 C. C. A. 635; Thompson v. Northern Pacific Ry. Co., 93 Fed. 384, 35 C. C. A. 357. Although the courts have been most frequently called upon to apply the doctrine to cases of people crossing a railroad track at a given point, it is in the very nature of the principles involved equally applicable to a case where persons are in the habit of entering upon railroad premises at any place and for any purpose whatever, and of entering into the cars of the railroad company. In Ollis v. Houston E. & W. T. Ry. Co., 31 Tex. Civ. App. 601, 73 S. W. 30, it was held that:

"Where children are in the habit of playing about the switchyard of a railroad, and the cars therein, and do so with the knowledge and acquiescence of the company, its agents, and employés, the company owes them the duty of using ordinary care to discover their presence in the yard, and on the cars, and to avoid injury to them."

196 F.—24

Error is assigned to the admission in evidence of testimony as to the conversations between the man in charge of the switch at the place where the wheat cars were stored and the defendant in error and his companions, to the effect that the man directed the children to the cars and told them there was plenty of wheat over there in the cars, and that they better hurry over before other boys and girls got it. This evidence was admitted only for its value as tending to show that the railroad company, through its employé, had notice of the presence of the children at and around the cars at that time. The court said:

"I do not think the permission of this man would be an excuse, unless it is shown that he had authority. I will permit this testimony for the purpose of showing he had knowledge that the boy was there, but any statement he may have made the jury will disregard."

We think there was no error in admitting this testimony for the purpose for which its admission was limited. It tended to show actual knowledge on the part of the railroad employés of the custom of the children to go into the empty cars, and it went to the jury together with other testimony tending in the same direction. Peirce v. Lyden, 157 Fed. 552, 85 C. C. A. 312. In the Turntable Case (Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745), the court said:

"So, in looking at the remoteness of the machine from inhabited dwellings, when it was proved to the jury that several boys from the hamlet were at play there on this occasion, and that they had been at play upon the turntable on other occasions, and within the observation and to the knowledge of the employés of the defendant, the jury were justified in the belief that children would probably resort to it, and that the defendant should have anticipated that such would be the case."

We find no error. The judgment is affirmed.