PITTSBURGH, C., C. & ST. L. RY. CO. v. SCHERER.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1913.)

No. 2,378.

1. NEGLIGENCE (§ 134*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

Where one of two or more things may have been the cause of an injury, for one of which defendant is responsible and for the others of which he is not, it is not permitted to speculate between the several causes, and to find that defendant's negligence was the real cause, in the absence of satisfactory foundation in the testimony for that conclusion.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

2. RAILROADS (§ 348*)—ACCIDENT AT CROSSING—ACTION FOR DEATH—SUFFICIENCY OF EVIDENCE.

Plaintiff's intestate and his niece were struck and killed at night at the crossing of one street by another, on which were two railroad tracks running east and west; the south track being for east-bound trains, and the north for west-bound. The accident was not seen, but the body of the niece was found to the south of the south track, and that of plaintiff's intestate on such track 150 feet east of the crossing, much mutilated. The two had left a nearby house together, and two minutes later an engine running backward passed over the crossing going eastward on the south track. No other train passed over such track until after the body of the niece was seen, although there were trains on the other track. The engine was running without a lookout or any light on the tender, except a lantern, and there was testimony that it was going at a speed of 22 to 30 miles an hour, while the ordinance limit was 10 miles. Held, that the evidence supported a finding that deceased was killed by such engine, and that it was being negligently operated.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

---

**3.** DEATH (§ 58*) — ACCIDENTS AT CROSSINGS — CONTRIBUTORY NEGLIGENCE — PRESUMPTIONS.

In the absence of evidence to the contrary, there is a presumption that a person killed while crossing a railroad track at night stopped, looked, and listened before attempting to cross.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78.; Dec. Dig. § 58.*]

**4.** DEATH (§ 104*) — ACTION FOR WRONGFUL DEATH — INSTRUCTIONS — OHIO STATUTE.

Gen. Code Ohio 1910, §§ 10772–10773, giving a right of action for wrongful death, contemplates a verdict for a gross sum, to be apportioned by the court appointing the representative who brings the suit; and it is not error, in an action brought thereunder, to refuse to instruct the jury to state the names of the beneficiaries.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 142–148; Dec. Dig. § 104.*]

**5.** APPEAL AND ERROR (§ 273*)—REVIEW—INSTRUCTIONS.

An exception to the charge generally does not raise any specific question which can be reviewed by a federal appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590, 1606, 1620–1623, 1625–1630, 1764; Dec. Dig. § 273.*]

In Error to the District Court of the United States for the Southern District of Ohio; Howard C. Hollister, Judge.

Action at law by Anna Scherer, administratrix of the estate of John J. Scherer, deceased, against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Robert Ramsey, of Cincinnati, Ohio, for plaintiff in error.

Littleford, James, Ballard & Frost, of Cincinnati, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. This action, brought under the Ohio statute, is for the alleged negligent killing of plaintiff's intestate. At the close of the testimony defendant requested direction of verdict in its favor, on the ground that there was no substantial evidence supporting the cause of action alleged. The request was denied, the case submitted to the jury, and verdict rendered for plaintiff.

[1] 1. The refusal to direct verdict presents the question most prominently urged. The testimony tended to show that decedent was killed, in the nighttime, at the Harrell street crossing of Gladstone avenue, in Cincinnati. Gladstone avenue runs east and west, and has upon it a double steam railway track; the south track being for east-bound traffic and the north track for west-bound. There was testimony that defendant's engine No. 8964 passed across Harrell street, going east, running tender forward, at 8:11 p. m. on the night of the accident; that at or about the same time a freight train crossed Harrell street on the west-bound track; that other trains crossed Harrell street on the west-bound track at 8:12, 8:17, 8:25, and 8:46 respectively; that a Norfolk & Western train crossed on the east-bound track at 8:54

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

p. m. There were no eyewitnesses to the accident. Plaintiff claims that decedent was killed by defendant's engine No. 8964, and there is no room for recovery on any other theory. Defendant contends that the evidence was too speculative and conjectural to afford any legal basis for recovery, and that, so far as appears, deceased may have been killed by either of the several trains mentioned, on either the east-bound or west-bound tracks. The rule is too firmly established, to need extended reference to authority, that where one of two or more things may have induced the accident, for one of which the defendant is responsible and for the other of which he is not, it is not permissible to speculate between the several causes, and to find that the defendant's negligence was the real cause, in the absence of satisfactory foundation in the testimony for that conclusion. Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Smith v. Illinois Central R. R. Co. (C. C. A. 6th Circuit) 200 Fed. 553, 555, and cases cited.

[2] The question is whether the evidence brings the instant case within the rule stated. A careful examination of the testimony convinces us that the case before us is not within that rule. There was evidence tending to show that from one to two minutes before engine 8964 crossed Harrell street decedent, in company with his niece, left the latter's home, five doors west from the northwest corner of Harrell street and Gladstone avenue. This is the last time they were seen alive. There was testimony tending to show that about 8:30 p. m., and thus before the Norfolk & Western train crossed on the east-bound track, what turned out to be the girl's body was seen on the south side of Gladstone avenue, near its intersection with the east side of Harrell street. Scherer's body was found on the east-bound track, about 150 feet east of Harrell street. It was badly mangled, and bore evidence of having been mutilated by the passage of a train of cars. It was not found, nor was the girl's body identified as such, until after 9 o'clock. The girl's body showed no external injury, except a wound on the head. We think the evidence sufficient to reasonably sustain an inference that both were killed by engine No. 8964. They would not unnaturally have reached the crossing at just about the time this engine passed. The position of the bodies raises a reasonable inference that they were struck on the south track, rather than on the north track. That the collision was with engine No. 8964, rather than with the Norfolk & Western train, is fairly inferable from evidence tending to show that the girl was killed as early as 8:30, and thus before the Norfolk & Western train passed, as well as by the evidence of the finding of a fragment of flesh on engine No. 8964 when it reached the roundhouse. We think the evidence, taking into account the nature of the injury to the girl and the evidence indicating the subsequent mutilation of Scherer's body, is entirely consistent with their being struck and killed by the end of the tender. The testimony as to the cause of the accident is not more speculative than that presented in Felton v. Newport (C. C. A. 6th Circuit) 105 Fed. 332, 44 C. C. A. 530, where the facts discussed were held to remove the case from the realm of mere conjecture.

We also think there was evidence tending to show that the railroad company was negligent in operating the engine. It was being run tender foremost in the nighttime, with no light on the end of the tender, except an ordinary white lantern, and with no lookout. The evidence reasonably tended to show that it was running at a speed in excess of the ordinance limit of 10 miles per hour; that is to say, at an average speed of from 22 to 30 miles an hour for a distance of 2½ miles, which included the crossing in question, although there was no testimony that the engine did not slow up at the crossing.

[3] There is no suggestion that contributory negligence on Scherer's part appeared as matter of law. Indeed, in the absence of evidence to the contrary, there is a presumption that one killed while crossing a railroad track at night stopped, looked, and listened before attempting to cross. Baltimore & Potomac R. R. Co. v. Landrigan, 191 U. S. 461, 24 Sup. Ct. 137, 48 L. Ed. 262; Rothe v. Penna. Co. (C. C. A. 6th Circuit) 195 Fed. 21, 26, 114 C. C. A. 627. The fact that the freight train on the north track went west at practically the same time that engine No. 8964 went east on the south track might well have created a confusion, accounting for the collision.

[4] 2. It was not reversible error to refuse to ask the jury to state the names of the persons sustaining legal damages by the death of deceased. The jury were instructed that the deceased "contributed to the support of his mother and sister," and that the measure of the plaintiff's damages is what the mother and sister "would have received as a probable and reasonable expectation of contribution from their son and brother, had he lived." This instruction was not excepted to and is not criticised. The Ohio statute (Gen. Code 1910, §§ 10772–10773) does not require that the verdict or judgment state the names of the beneficiaries, and contemplates a verdict for a gross sum, to be apportioned by the court appointing the representative (Wolf v. L. E. & W. Ry. Co., 55 Ohio St. 517, 45 N. E. 708, 36 L. R. A. 812), differing in this respect from the practice under the federal Employer's Liability Act, where the apportionment is for the jury to return. Gulf, Colorado & Santa Fé Ry. Co. v. McGinnis, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. Ed. ——, decided by the Supreme Court April 7, 1913. The ruling in the Wolf Case, that the jury should find what ones of the beneficiaries were guilty of contributory negligence, has no application here; for the beneficiaries in this case are not alleged by answer, or shown by proofs, to have been thus negligent.

[5] 3. Complaint is made that the court eliminated the defense of contributory negligence for reasons stated in the charge. No exception was taken to this instruction. We cannot consider an exception "to the charge generally." Pennsylvania Co. v. Whitney (C. C. A. 6th Circuit) 169 Fed. 572, 577, 95 C. C. A. 70, and cases cited.

The judgment of the District Court is affirmed, with costs.