### TRIVETTE v. CHESAPEAKE & O. R. CO. et al.

(Circuit Court of Appeals, Sixth Circuit.  April 7, 1914.)

No. 2420.

1. REMOVAL OF CAUSES (§ 49*)—JOINDER OF DEFENDANTS—SEPARABLE CONTROVERSY.

Under the Kentucky law, where a person is killed by the alleged negligent operation of a railroad train, the engineer may be properly joined as a defendant with the corporation, and, if so joined in good faith, solely on the ground of the responsibility of the railroad company for the act of the engineer, a separable controversy is not presented, though no concurrent act of negligence is expressly charged.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95-99; Dec. Dig. § 49.*]

2. REMOVAL OF CAUSES (§ 107*)—JOINDER OF DEFENDANTS—FRAUD—ISSUES.

Where plaintiff joined a resident citizen with a nonresident corporation as defendants, and, after removal by the nonresident, plaintiff in the federal court formally denied fraudulent joinder, the burden of proof thereof was on defendants, and in the absence of such proof the question of fraudulent joinder was out of the case.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225-232, 234; Dec. Dig. § 107.*]

3. REMOVAL OF CAUSES (§ 50*)—JOINDER OF DEFENDANTS—SEPARABLE CONTROVERSY.

Plaintiff sued in a state court a nonresident railroad company and a resident defendant engineer of a train by which plaintiff's decedent was killed, alleging that the railroad company was negligent in providing a dangerous approach for the public to the depot and platform where decedent was killed and that the engineer was negligent in operating the train, but the petition did not charge that the injury was caused by the joint or concurring operation of such negligent acts.  Held, that the negligence relating to the means of access to the railway station and platform presented a separable controversy which was removable by the railroad company to the federal courts.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 100; Dec. Dig. § 50.*

Removal of causes, separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

212 F.—41

4. RAILROADS (§ 300*)—CROSSINGS—OPERATION. OF TRAINS—CARE REQUIRED.
Where a railroad company maintained a crossing leading to its depot, the railroad company was bound to exercise reasonable care in the operation of its trains over such crossing for the benefit of licensees crossing the tracks on their way to the depot on any business, whether for railroad purposes or not.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 955; Dec. Dig. § 300.*]

5 RAILROADS (§ 350*)—CROSSING ACCIDENT — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
Where defendant railroad company maintained a crossing by which alone its depot platform could be approached, and decedent, while crossing the track to the platform, was struck and killed by an extra train approaching at a high rate of speed, evidence *held* to require submission of defendant's negligence and decedent's contributory negligence to the jury.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by E. E. Trivette, as administrator of the estate of Albert Huffman, deceased, against the Chesapeake & Ohio Railroad Company and another. Judgment for defendants, and plaintiff brings error. Reversed, and new trial ordered.

A. E. Auxier, of Pikeville, Ky., for plaintiff in error.

Worthington, Cochran & Browning, of Maysville, Ky., for defendants in error.

Before KNAPPEN and DENISON, Circuit Judges, and SANFORD, District Judge.

KNAPPEN, Circuit Judge. Plaintiff, a citizen of Kentucky, brought suit in a court of that state against the company and its locomotive engineer for the negligent killing of the intestate. The railroad is a Virginia corporation; the individual defendant is a citizen of Kentucky. The suit was removed to the federal court by reason of diversity of citizenship of the parties, upon a petition alleging a separable controversy and fraudulent joinder of the individual defendant for the purpose of preventing removal. A motion to remand the suit to the state court was denied. At the conclusion of the trial upon the merits, verdict was directed, and judgment entered, for defendants. The assignments of error challenge: (a) The refusal to remand; (b) the direction of verdict. The petition alleges negligence in two respects: (a) On the part of the railroad company in providing an approach for the public to the depot and platform only over and by way of the track in front thereof, and in failing to provide steps at either end of the platform; (b) on the part of the engineer in the manner of operating the train.

1. The refusal to remand.

[1, 2] As respects the alleged negligence in the operation of the train: According to the settled law of Kentucky, the engineer was properly joinable as defendant with the corporation. Winston's Adm'r

v. Ill. Central R. R. Co., 111 Ky. 954, 957, 65 S. W. 13, 55 L. R. A. 603; Cincinnati, N. O. & T. P. R. R. Co. v. Bohon, 200 U. S. 221, 223, 26 Sup. Ct. 166, 50 L. Ed. 448, 4 Ann. Cas. 1152; Enos v. Kentucky Distilleries, etc., Co. (C. C. A. 6th Cir.) 189 Fed. 342, 346, 111 C. C. A. 74. And when so joined in good faith, solely upon the ground of the responsibility of the principal for the act of the servant, though not expressly charged with any concurrent act of negligence, a separable controversy is not presented. Alabama Gt. Southern Ry. v. Thompson, 201 U. S. 206, 212, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147. Unless therefore the engineer was fraudulently made defendant, to prevent removal, no separable controversy was presented as to that particular cause of action. In the federal court, plaintiff formally denied fraudulent joinder; the issue thus raised was not tried; and as the burden of proof was, by plaintiff's denial, placed upon defendants (Hunter v. Ill. Central R. Co. [C. C. A. 6th Cir.] 188 Fed. 645, 649, 110 C. C. A. 459; Enos v. Kentucky Distilleries, etc., Co., supra, 189 Fed. at page 345, 111 C. C. A. 74), the question of fraudulent joinder is out of the case, and was disregarded by the court below in passing upon the motion to remand.

[3] It is clear that the engineer is neither charged nor concerned with the alleged negligence relating to the means of access to the railway station and platform. As to this ground of negligence, therefore, a separable controversy existed, which was removable to the federal court, unless the negligence in operating the train and the negligence with respect to the depot and platform are sufficiently alleged to have concurred in producing the accident. Nichols v. Chesapeake & Ohio R. Co. (C. C. A. 6th Cir.) 195 Fed. 913, 915, 115 C. C. A. 601. If, however, such joint action and concurrence are sufficiently alleged, the case was not removable. Chicago, R. I. & P. R. Co. v. Dowell, 229 U. S. 102, 111, 33 Sup. Ct. 684, 57 L. Ed. 1090. It does not follow from the fact that the railroad is alleged to be negligent with respect to the approaches to the depot and platform, and the company and its engineer charged to be negligent with respect to the operation of the train, that a concurring action of the two alleged classes of negligence is charged. To illustrate the distinction: In Nichols v. Chesapeake & Ohio R. Co., supra (where a charge of negligence against the railroad company and its engineer, based upon the latter's negligent operation, was joined with a charge that the railroad company had violated the safety appliance statute), Judge Denison said:

"Different rights of action may, it is true, often be joined in one suit, but this does not make them inseparable. The existence of the 'separable controversy' right of removal presupposes that it may be found joined in one action with another controversy."

On the other hand, in Willard v. Chicago, B. & Q. R. Co., 165 Fed 181, 183 [91 C. C. A. 215] (involving an action against lessor and lessee railroad companies), Judge Seaman said:

"The cause presented in the state court by the declaration was joint, expressly charging joint negligence and liability—plainly tendering no issue of several negligence, and not provable for several liability—so that the controversy was not removable on such election of plea, in the absence of un-

mistakable proof of bad faith in the joinder, as a fraud upon the court and parties."

Whether there was a joint liability or not is to be determined upon the averments of the plaintiff's statement of his cause of action. Chicago, R. I. & P. R. Co. v. Dowell, supra, 229 U. S. 111, 113, 33 Sup. Ct. 684, 57 L. Ed. 1090. The controlling question then is: Does the plaintiff's petition, fairly construed, allege that the negligent operation of the train and the negligent maintenance of depot and platform concurred in, and co-operated toward, producing the injury? In nearly, if not quite, all of the leading cases in the Supreme Court, where the defendants were not charged with each act of negligence alleged, and where the right to remove was denied on the ground that no separable controversy existed, it appears from the opinion that the injury was alleged to be caused by the joint or concurring operation of the various negligent acts. Thus, in Wecker v. National Enameling Co., 204 U. S. 176, 179, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757, the complaint charged the joint negligence of the corporation and the individual defendants, and averred that plaintiff's injuries were the result thereof. In Illinois Central R. Co. v. Sheegog, 215 U. S. 308, 320, 30 Sup. Ct. 101, 54 L. Ed. 208, it was charged that the various acts of negligence "all together jointly caused said wreck, and killed the plaintiff's intestate." In Chicago, R. I. & P. R. Co. v. Dowell, supra, it was charged that:

"Each and every act of omission and commission of the defendants and of each of them as above, were the joint, proximate and concurrent cause of said injury, and each of said acts of the said defendants materially, concurrently and jointly contributed to the injuries of said plaintiff."

In Enos v. Kentucky Distilleries, etc., Co., supra, decided by this court, the defendants were alleged to be jointly and concurrently negligent. In American Bridge Co. v. Hunt (C. C. A. 6th Cir.) 130 Fed. 302, 305, 64 C. C. A. 548, where the existence of a separable controversy was denied, the corporation was charged with negligence in retaining a defective crane, and with intrusting its management to an unskilled and incompetent servant. The latter was alleged "to be negligent in operating the same in that he permitted said floor beam to swing against said other beams," and thereby to fall against other beams. The present Mr. Justice Lurton said:

"Thus we have the negligence of the company in respect to its duty in furnishing a reasonably safe appliance and competent fellow servants, concurring with the negligence of the defendant Calvin Guthrie in the management of a defective crane, to bring about the injury to the decedent."

The charge of concurrent negligence seems to have been predicated upon an averment that the defect in the machine was such as to make it uncontrollable, not by a competent and skillful servant, but by the operator, who was alleged not to have sufficient skill and experience for the purpose.

Does the petition in the instant case allege joint and concurrent negligence, either by express characterization or by natural implication arising from the statement of the way in which the accident happened? It alleged that the depot was constructed "on slanting

ground," with a platform between the depot and the track which was on a fill "on the slanting ground," the platform extending to the end and about 16 inches above the tops of the ties, its edge being so near the rails "that a train of cars passing would strike any one on the ties between the nearest rail and the edge of the platform." The railway company was charged with negligence in failing to provide steps at either end of the platform for public access to the platform and depot, and in negligently providing as a means of approach thereto, for such public use, an open way over its lot alongside the depot and ends of the platform, thence up the side of the fill onto the ties, thence a necessary turn towards the platform and a sheer step up of 16 inches to the top of the same, the latter being alleged to be too high at all points except the side bordering the track for any one to step up onto it from the ground. It is further alleged that the train in question was so negligently operated that it struck decedent while going to the depot on lawful business with the railway company's employé, and after he had gone over the route stated, up the side of the fill and onto the ties, and had made the necessary turn and was in the act of stepping from the ties onto the platform "up the elevation of 16 inches"; and that decedent died from the effect of the injuries suffered from the collision.

While, according to this statement, the accident would not have happened but for the negligent operation of the train, there is neither allegation nor necessary inference that it would not have happened but for the character of the approach provided to the depot and platform. We recognize that, if a charge of concurrent and co-operative negligence seems intended, a separable controversy does not result from the fact that separate causes of action might have been maintained, or that a separate defense might defeat a joint recovery (Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 96–97, 18 Sup. Ct. 264, 42 L. Ed. 673; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 425, 31 Sup. Ct. 460, 55 L. Ed. 521); nor because of the rule in Kentucky that where several negligencies are alleged recovery may be had if any one of them is proven.

The question presented is a close one, and depends entirely upon the construction to be put upon the petition. The District Judge construed it as not intended to charge joint negligence; and this construction should not be overthrown in the absence of "clear conviction" of error. Chicago Junction Ry. Co. v. King, 222 U. S. 222, 32 Sup. Ct. 79, 56 L. Ed. 173; Seaboard Air Line v. Moore, 228 U. S. 433, 435, 33 Sup. Ct. 580, 57 L. Ed. 907; Louisville & Nashville R. Co. v. Lankford (C. C. A. 6th Cir.) 209 Fed. 321, 325, 126 C. C. A. 247. We are not so convinced, and the amendment, made after the denial of the motion to remand, was not so marked as, in our opinion, to demand a different construction than placed upon the original petition. We are thus constrained to hold the case removable.

2. The direction of verdict.

[4] It appeared that for about a month before the accident the deceased had been delivering, twice a week, butter and milk to one of defendant's passenger conductors on arrival of the train at this depot;

and at other times during that period he had gone to the depot to receive back from the conductor the vessels in which the produce had been delivered, and to receive pay therefor; and that this course had been followed with the knowledge and acquiescence, and in some respects the assistance, of the station agent. It further appeared that at the time of the accident the deceased was on his way to the depot to meet this conductor on the business stated, and that the train was due to arrive about 25 to 30 minutes later; that, just as the deceased was stepping from the ties onto the platform, he was struck and killed by defendant's special train, consisting of an engine and one car, which, according to the testimony given, was running at a high rate of speed and without the blowing of whistle until just as the deceased was struck. The direction of verdict is defended upon the ground not only that the deceased was contributorily negligent in crossing the track without due care for his own safety, but that, as he was not going to the depot on railroad business, defendant owed him no duty with respect to the operation of the train except to refrain from wanton or intentional injury.

Assuming, for the sake of argument, that defendant owed the deceased no duty with respect to the method of access to the depot, it by no means follows that the duty of ordinary care did not exist as respects the operation of trains over the spot in question; for it appeared that the only way provided for reaching the depot platform was by way of the track crossing in question. Had the crossing been one not leading to the depot, but merely one which the public had been by the railway company long permitted to use, the company would be charged with the duty to exercise in the running of its trains ordinary care toward those using the crossing, and whose presence there was reasonably to be anticipated. Felton v. Aubrey (C. C. A. 6th Cir.) 74 Fed. 350, 358, 20 C. C. A. 436; Tutt v. Illinois Central R. Co. (C. C. A. 6th Cir.) 104 Fed. 741, 744, 44 C. C. A. 320; New York, N. H. & H. R. Co. v. Kmetz (C. C. A. 2d Cir.) 193 Fed. 603, 606, 113 C. C. A. 471. In the Aubrey and Tutt Cases the distinction between an obligation to maintain a crossing safe in itself and the duty to exercise reasonable care to avoid injury, through the operation of its trains, to licensees whose presence might reasonably be anticipated is pointed out. The fact that the crossing was one leading to defendant's public depot, instead of one having no connection therewith, surely cannot be thought to lessen defendant's obligation in the running of its trains thereover to use care commensurate with the situation. The fact, therefore, that the business of deceased was not with the railroad company, but with its train employé, is not controlling. The duty of reasonable care would extend to a licensee crossing the tracks on the way to the depot upon any business, whether for railroad purposes or not. See Northern Pacific R. Co. v. Curtz (C. C. A. 9th Cir.) 196 Fed. 367, 369, 116 C. C. A. 403; and, as further bearing upon the duty owing a licensee, see the decisions of this court in Ellsworth v. Metheney, 104 Fed. 119, 122, 44 C. C. A. 484, 51 L. R. A. 389, and Murch Bros. Construction Co. v. Johnson, 203 Fed. 1, 5, 121 C. C. A. 353.

[5] There was testimony of one witness, who lived in sight of the depot and railroad track, that the train was running faster than any train she had ever seen; and there was testimony tending to show that no whistle was blown until just as the deceased was struck; also, that the place of the accident was within clear view of the engineer as far back as the curve later referred to. This testimony tended to show negligence on defendant's part, and verdict should not have been directed in its favor unless the evidence of contributory negligence, as matter of law, was clear.

Upon the record, we think the question of contributory negligence was one of fact for the jury. The deceased was about 70 years of age, although the evidence indicated that his sight and hearing were not impaired. True, the testimony was that the train could have been seen from the crossing in question from the time it rounded the curve, which was said to be from 100 to 150 yards from the depot; but if the train were running 60 miles an hour, as the jury might well have found, it would have required but a trifle over 5 seconds for the train to pass from the curve to the point where the collision occurred; and, if the curve were but 100 yards away, less than 4 seconds would be required. There is no affirmative testimony as to whether or not deceased looked in the direction of the curve before crossing the track; for while two witnesses testified to watching the decedent, the one from the time the train rounded the curve, the other from some later period, neither was asked by either party whether the deceased looked in the direction of the curve. In the absence of evidence on the subject, it would be presumed that the deceased exercised due care to the extent of looking and listening for an approaching train. Baltimore & P. R. Co. v. Landrigan, 191 U. S. 461, 24 Sup. Ct. 137, 48 L. Ed. 262; Rothe v. Penna. Co. (C. C. A. 6th Cir.) 195 Fed. 21, 26, 114 C. C. A. 627; Pittsburgh, C., C. & St. L. R. Co. v. Scherer (C. C. A. 6th Cir.) 205 Fed. 356, 359, 123 C. C. A. 484. Of course, if it is clear that had he seasonably looked he must have seen the train in time to avoid collision, he would be held contributorily negligent because he would, in such case, be held affected by the information which his senses, if used, would have furnished him.

In view of the testimony as to the speed of the train, that it was a special, that no regular train was then due, that the deceased had to come up the embankment before reaching the track, the intervention, at the most, of but a few seconds between the possible discovery of the train and the collision, and the lack of evidence as to whether, while engaged in stepping upon the platform, the position of deceased would have been such as to have offered a view of the rapidly approaching train, it cannot well be said, as matter of law, from the present record, that the deceased in the exercise of due care knew or should have known of the danger in time to escape the collision.

The judgment of the District Court is accordingly reversed with cost, and a new trial ordered.