HUNTER v. ILLINOIS CENT. R. CO.

(Circuit Court of Appeals, Sixth Circuit. June 6, 1911.)

No. 2,107.

1. REMOVAL OF CAUSES (§ 86*) — SUFFICIENCY OF PETITION — FRAUDULENT JOINDER OF DEFENDANTS.

A petition for removal, filed by one of a number of defendants in an action for negligence, which charges that no grounds of action are alleged by plaintiff or exist against its codefendants, and that they were fraudulently joined to deprive petitioner of its right to remove the case, shows a right of removal on its face, where the requisite jurisdictional facts are stated, and, unless issue is joined on such allegations, a motion to remand is properly denied.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 172; Dec. Dig. § 86.*

Fraudulent joinder of parties to prevent removal, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

2. REMOVAL OF CAUSES (§ 86*) — PETITION FOR REMOVAL—VERIFICATION.

A petition for removal is not required to be verified.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 177; Dec. Dig. § 86.*]

3. REMOVAL OF CAUSES (§ 86*)—PROCEEDINGS AFTER REMOVAL—LEAVE TO PLEAD TO PETITION—DISCRETION OF COURT.

The denial of a motion for leave to plead to a petition for removal, not made until more than five months after a motion to remand had been overruled, and when the case was at issue and ready for trial on the merits, was within the discretion of the court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 86.*]

4. MASTER AND SERVANT (§§ 285, 286, 289*)—ACTION FOR INJURY TO SERVANT —QUESTIONS FOR JURY.

Plaintiff's intestate, who was a brakeman in the employ of defendant railroad company, was killed in making a flying switch by a collision between the car on which he was riding and other cars standing on the switch track. A single box car was switched, with deceased on the top, and it was shown without contradiction that he attempted to stop the car by setting the brakes, but was unable to check it and it ran into an iron coal car. Deceased then got upon that and tried to set its brakes, but could accomplish nothing, and both cars crashed at high speed into a row of flat cars, causing the wreck in which he was killed. The brake mechanism on both the moving cars was found after the collision to be broken and inoperative. *Held*, that the evidence was sufficient to require submission to the jury of the question whether or not the defects existed prior to the collision as well as the questions of the negligence of defendant and the contributory negligence of deceased.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. §§ 285. 286, 289.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. MASTER AND SERVANT (§ 265*)—ACTION FOR INJURY TO SERVANT—DOCTRINE OF RES IPSA LOQUITUR.

There is no hard and fast rule that the doctrine of res ipsa loquitur can in no case be applicable in a suit by an employé against an employer for negligent injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 881; Dec. Dig. § 265.*]

In Error to the Circuit Court of the United States for the Western District of Kentucky.

Action at law by J. H. Hunter, administrator of S. V. Hunter, deceased, against the Illinois Central Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

Newton Belcher (T. J. Sparks, Belcher & Sparks, and C. A. Denny, of counsel), for plaintiff in error.

Edmund F. Trabue, John C. Doolan, and Attilla Cox, Jr. (Blewett Lee, C. L. Sivley, J. D. Atchison, Taylor & Eaves, and R. Y. Thomas, Jr., of counsel), for defendant in error.

Before SEVERENS and KNAPPEN, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge. The plaintiff in error brought suit in a circuit court of the state of Kentucky to recover damages on account of the death of his intestate while engaged as a brakeman in the employ of the Illinois Central Railroad Company in making a flying switch. The petition alleged, and the evidence tended to show, that the deceased was killed by being crushed in a collision between a runaway freight car on which he was riding and other cars standing upon a switch track, by reason of the failure of certain brakes to work. Both plaintiff and deceased were citizens of Kentucky. The Illinois Central Railroad Company (defendant in error) is a citizen of Illinois. The plaintiff joined as defendants one Bash, the conductor in charge of the switching operations in question, and the Greenville Coal Company, the owner of the switch track on which the accident occurred. Both Bash and the coal company were citizens of Kentucky. The plaintiff's petition alleged that the death of deceased was occasioned by the joint and concurring negligence of the three defendants. The railroad company filed in the state court a petition for the removal of the case to the federal court, upon the ground that there was presented a separable controversy as to it, and that the other defendants were joined for the fraudulent purpose of preventing removal of the cause to the federal court. The state court approved the removal bond, but denied the petition for removal. The transcript was accordingly filed in the court below. Without joining issue upon the petition for removal, the plaintiff moved in the court below to remand the case to the state court upon the face of the proceedings. The motion to remand was denied. Several months later plaintiff moved for leave to answer and plead to the petition for removal, which motion was likewise denied. The case proceeded to trial, and at the close of the evidence the court directed a verdict in favor of the defendant railroad company. The errors assigned bring up for review: First, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

refusal to remand the case to the state court; second, the refusal to permit the filing of plea to the petition for removal; and, third, the directing of verdict and judgment for defendant.

[1] 1. In our opinion the motion to remand was properly denied. The railroad company is alleged, in the plaintiff's petition, to have been negligent in respect to the manner of operation of the train, engine, and cars upon which the deceased was working, and in furnishing a car equipped with brakes not in a suitable condition to stop or control the car. The conductor's alleged negligence related to the manner of the operation of the train, engine, and cars upon which deceased was working; it being also alleged that "he knew, and by the exercise of ordinary care could have known," of the defective and dangerous condition of the car. The coal company was charged with negligence in placing and allowing the cars to remain at the lower end of the switch, and at the same time leaving the switch open.

In the view we take of the case, it is unnecessary to decide whether plaintiff's petition on its face shows a joint liability on the part of the conductor and the coal company. The defendant's petition for removal alleged that "the plaintiff at the time he commenced said action well knew that he had no cause of action against said W. H. Bash or Greenville Coal Company, or either of them"; and, after alleging that plaintiff's petition states no cause of action against the conductor or the coal company, alleges that plaintiff—

"knew that the statement in his petition that the said injuries were caused by the gross negligence or by the concurring negligence or any negligence of said W. H. Bash or Greenville Coal Company concurring with any negligence on the part of this petitioner was untrue when he filed said petition, and your petitioner says that its said codefendants * * * were not, nor was either of them, when this action was commenced, proper parties to this action, and neither of them has ever been a proper party to this action or has ever had any agency in causing said injury to * * * plaintiff's intestate, and plaintiff well knew all said facts as herein stated to be true when he instituted this action, and your petitioner represents and states that when the said action was instituted that the defendant W. H. Bash was in no way responsible for the injuries complained of in the petition and had no part in causing same, and in like manner the Greenville Coal Company was in no way responsible for the injuries complained of in the petition and had no part in causing same, and the plaintiff well knowing these facts to be true, and showing by his petition that such facts were true, nevertheless stated in his petition that the injuries complained of therein were caused by the alleged gross negligence and carelessness of said" conductor and coal company.

The petition for removal further alleged that the plaintiff has invented and applied to the conductor and the coal company—

"various epithets imputing negligence and carelessness, but he has refrained from stating any facts showing such negligence or carelessness, and in his petition in this case the plaintiff by design invented and used the epithets imputing negligence and carelessness to said W. H. Bash and Greenville Coal Company with the pretext and for the fraudulent purpose of claiming a color of right to unite them as codefendants in this action with this defendant, but without any real intention to claim or expectation of recovering a judgment against said W. H. Bash or Greenville Coal Company, but with the sole purpose and intention of stating in his petition such a case as would seem to make said W. H. Bash and Greenville Coal Company or one of them joint defendants with this petitioner and thereby deprive this petitioner of the right to remove this action to the United States Circuit Court for the

Western District of Kentucky, and to defeat the right secured to this defendant by the Constitution and laws of the United States of America to have a separate controversy between it and the plaintiff in this action removed to and tried in the United States Circuit Court for the Western District of Kentucky."

The petition for removal also stated that defendant would "controvert all claims of negligence asserted against it by the plaintiff in his petition." If the facts alleged in the petition for removal were true, the state court had no jurisdiction over the case. It follows that a cause for removal was stated on the face of the petition therefor. Wecker v. National Enameling & Stamping Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430; Dishon v. Cincinnati, N. O. & T. P. R. Co. (Sixth Circuit) 133 Fed. 471, 474, 66 C. C. A. 345; McAlister v. Chesapeake & O. R. Co. (Sixth Circuit) 157 Fed. 740, 743, 85 C. C. A. 316; Donovan v. Wells Fargo & Co. (Sixth Circuit) 169 Fed. 363, 368, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250. We think there is nothing in Illinois Cent. R. Co. v. Sheegog, 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. 208, in conflict with this view. That case, so far as concerns the question we are considering, turned upon the proposition that the facts alleged and proved against the lessee railroad made it and the lessor jointly liable as matter of law, under the decisions of the courts of Kentucky, and that the joinder of the lessor and lessee could thus not be fraudulent. Such question does not arise here. The questions of fact asserted in the removal petition were not triable in the state court. That court could only consider whether the petition upon its face showed a right of removal. Such right of removal being, in our opinion, as already stated, shown upon the face of the petition therefor, the state court lost jurisdiction over the removing defendant, and the court below, by the filing of the transcript, obtained such jurisdiction. Chesapeake & O. R. Co. v. McCabe, 213 U. S. 207, 29 Sup. Ct. 430, 53 L. Ed. 765; Illinois Cent. R. Co. v. Sheegog, 215 U. S. 308, 316, 30 Sup. Ct. 101, 54 L. Ed. 208. Had plaintiff denied the allegations of fact in the petition for removal, the burden of proving the same would have rested upon defendant.

[2] It is urged, however, that a petition for removal, unsupported by proof showing that the joinder was fraudulent, is insufficient, and that the motion to remand should prevail, without denial of the facts stated in the petition for removal. In fact, the petition for removal in this case was verified under oath (but upon belief) by the principal officer of the railroad company in Kentucky. We do not, however, understand the rule to be as contended by plaintiff. In Dishon v. Cincinnati, N. O. & T. P. R. Co., supra, the petition for removal was verified by the affidavit of the general manager of the railroad company. As to some of the allegations of fact in the petition the manager could have had personal knowledge. As to others he manifestly could not have had such knowledge. In McAlister v. Chesapeake & O. R. Co., supra, it does not appear from the report that the petition was verified. In Wecker v. National Enameling Co., supra, the questions of fact were tried out upon affidavits filed by each party. In Donovan v. Wells Fargo & Co., supra, it was expressly held, and we think rightly, by the Circuit Court of Appeals of the Eighth Circuit, that a removal

petition is not defective because not verified, as the statute requires no verification. The motion to remand amounted practically to a demurrer to the petition for removal as stating no sufficient ground therefor, and, no issue having been made upon the averments in fact of fraudulent joinder and nonliability of the resident defendants, the motion to remand was properly denied. Dishon v. Cincinnati, N. O. & T. P. R. Co., supra; Kentucky v. Powers, 201 U. S. 1, 33, 34, 26 Sup. Ct. 387, 50 L. Ed. 633; Donovan v. Wells Fargo & Co., supra.

[3] 2. We think the circuit court did not err in refusing plaintiff's motion for leave to plead to defendant's petition for removal. The motion to remand was denied on November 22d, and on that day the case was continued for the term by consent. On the next day the railroad company filed its answer to plaintiff's petition, and issue was thus joined upon the merits of the action. On May 2d following, and on the same day on which plaintiff's amended petition was filed, and when the cause was, as we infer, upon the calendar of the May term for trial, being the day before the trial was actually entered upon, motion was presented for leave to answer the petition for removal and to plead thereto in abatement. The bill of exceptions contains the following with reference to the denial of the motion:

"The court overruled the motion upon the ground that at the last term the plaintiff moved the court to remand the action, which motion, after argument, was overruled. The plaintiff had the option to proceed this way or to file an answer to the petition for removal. He chose the former, and thus made his election to make the motion to remand without answering the petition for removal and denying its allegations. He had his day in court on the question of remanding the case. He should be bound by the election, and the court was of opinion that it would be bad practice to permit parties thus to speculate upon its action upon any proposition. There can be no object in making the present motion except as the basis of another motion to remand the case. This matter was adjudicated and closed at the last term, and the court thought it would be an abuse of discretion to reopen it at this term."

The court also expressed a doubt whether plaintiff's petition states a cause of action against the conductor and the coal company. We think that in denying the motion to plead, under the circumstances shown, the court did not abuse its discretion. The request to join issue upon the petition for removal was delayed upwards of five months after the denial of the motion to remand upon the face of the record, more than five months after the continuance of the case by consent to the next term of court and the joinder of issue upon the merits, and upon the very eve of trial upon the merits. No excuse for the delay is suggested by the record. Assuming, without deciding, that the plaintiff should have been permitted, upon a seasonable motion, to plead to the petition for removal, notwithstanding the denial of the motion to remand upon the face of the record, such request to plead should have been seasonably made. We think it was not seasonably made when presented at the late date and under the circumstances above stated. In such case permission to join issue upon the facts contained in the removal petition was, at the most, addressed to the discretion of the court, and it does not appear that such discretion was not properly exercised in denying the motion. It is true that the district judge who

denied this motion had, in the case of Boatner v. American Express Co. (C. C.) 122 Fed. 714, stated that it was the practice in his district "to treat allegations in a petition for removal that defendants were joined for the sole purpose of removal, in fraud of the jurisdiction of the court, as traversed, without an express denial, and, on a motion to remand, to place the burden of proving such allegation on the defendant." But the existence of such practice did not, under the circumstance of this case, require the granting of leave to plead under the circumstances presented here. · Moreover, the Boatner Case was decided previously to the decisions of this court in Dishon v. Cincinnati, N. O. & T. P. R. Co. and McAlister v. Chesapeake & Ohio R. Co., supra. Had it appeared upon the trial of the case upon the merits that there was no separable controversy as to the removing defendant, it would have been the duty of the court to remand the cause. But such question does not arise upon this record.

[4] 3. In our opinion, however, the court erred in directing verdict and judgment for the defendant. The plaintiff's testimony tended to show that in making the switch the deceased was upon a box car and apparently making vigorous efforts to stop it by working the brakes; that he was unable to check the car, which ran into an iron coal car; that decedent then got upon the coal car and attempted to stop it by working its brakes, but was unable to accomplish anything; that the two cars so out from under control ran rapidly down the track until they dashed into one of a row of flat cars, killing the decedent almost immediately. The jury had the right to infer from the testimony not only that the deceased was using his best efforts·to stop the box car, but that upon his failure to do so, and in continuance of such efforts, he went upon the iron coal car and attempted to apply the brakes to that car without effect; and that his death was caused in spite of his efforts to save himself and to prevent the imminent collision. It is urged that, had he remained upon the box car, he could not have been seriously injured, and that, had he kept off the front end of the coal car, he would not have been caught in the collision of that car with the flat car. But, in view of the emergency which plaintiff's testimony tended to show, the considerations suggested were, at best, addressed to the jury. We cannot say that the jury could not properly have found that the deceased acted with prudence under the existing emergency in leaving an uncontrollable runaway car, and seeking to accomplish its stoppage by checking the car in front of it; nor that the deceased acted improperly, even if his death occurred in the attempt to leave the coal car after failing to control it, and in order to avoid collision with the flat cars. And what we have said answers the contention that the defective brakes of the box car could not have been the proximate cause of the accident. There was testimony that upon an examination of the box car following the accident the brakes were found "hanging from the wheel," and that, according to the testimony of two witnesses, a brake shoe was gone from one side of the box car, and, by the testimony of a third witness, that a brake was missing from the other side of the car; also, that the brake chain on the coal car was, immediately following the accident, found broken.

There was testimony that the box car had been brought in for the purpose of taking on and hauling out certain household goods. The examination of the box car was made by two witnesses the day after the accident. It does not affirmatively appear when the examination by the third witness was made; but his testimony is consistent with an examination on the day of the accident. Indeed, defendant's counsel, in their brief, say that some of the witnesses who examined the box car "saw it the same day of, and others the day after, the accident." The defendant offered no testimony. The trial judge in directing verdict for the defendant cited Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, Carnegie Steel Co. v. Byers, 149 Fed. 667, 82 C. C. A. 115, 8 L. R. A. (N. S.) 677, Moit v. Illinois Central R. Co., 153 Fed. 354, 82 C. C. A. 430, and Patton v. Illinois Central R. Co. (C. C.) 179 Fed. 530. These cases establish the proposition that in the case of an accident to an employé the fact of the accident raises no presumption of negligence on the part of the employer.

[5] As pointed out, however, by this court in Byers v. Carnegie Steel Co., 159 Fed. 347, 86 C. C. A. 347, 16 L. R. A. (N. S.) 214, there is "no hard and fast rule that the doctrine of res ipsa loquitur can in no case be applicable in a suit by an employé against an employer for negligent injuries." We think, however, that plaintiff was not compelled, in order to entitle him to go to the jury, to rely upon the doctrine referred to. In view of the uncontradicted testimony that deceased was unable to produce any effect upon either the box car or the coal car by the application of the brakes, the jury would have been justified in inferring that the brakes upon both cars were defective previous to the accident. And, in view of the fact that there was no testimony whatever of any inspection of the cars in question by the railroad company previous to the accident, we think that in the case of the car just brought in, and lacking at the time of the examination not merely one, but two, brake shoes, and in view of the fact that the coal car likewise had a broken brake chain, it would have been open to the jury to infer that the railroad company was negligent with respect to the missing brakes upon the box car.

The judgment of the circuit court should, accordingly, be reversed, and a new trial ordered.