JONES v. CASEY–HEDGES CO. et al.

(District Court, E. D. Tennessee, S. D. December 6, 1913.)

No. 1218.

1. REMOVAL OF CAUSES (§ 107*)—CAUSE OF ACTION—DETERMINATION.

Where a cause is removed before the declaration has been filed in the state court, the cause of action, for the purpose of determining a motion to remand, is to be taken as that shown by the copy of the declaration exhibited with the affidavit of plaintiff's attorney in support of the motion.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

2. REMOVAL OF CAUSES (§ 49*)—JOINT DEFENDANTS—SEPARABLE CONTROVERSY.

Where plaintiff's declaration against a resident and nonresident defendant shows on its face a joint liability, the suit is not removable by the nonresident defendant on the ground of separable controversy, in the absence of a showing of fraudulent and merely colorable joinder of the resident defendant to defeat removal, regardless of the merits.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*]

3. REMOVAL OF CAUSES (§ 61*)—JOINDER OF DEFENDANTS—JOINT LIABILITY—CONCLUSIVENESS.

In a suit against a resident and nonresident defendant jointly, plaintiff's allegations of joint liability are not conclusive against the nonresident defendant's right of removal, where such defendant in its petition avers that the resident defendant is not liable to plaintiff, and has been joined in bad faith and for the sole purpose of defeating a removal; and hence, if such nonliability and wrongful joinder are established, the case will be held removable as though the resident defendant had not been joined.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*]

4. REMOVAL OF CAUSES (§ 89*)—ISSUES—JOINDER—GROUNDS FOR REMOVAL.

Where the petition for removal affirmatively alleges requisite jurisdictional facts showing a right of removal in defendant, and plaintiff does not join issue in some appropriate manner as to such allegations of fact in the petition, the only question presented is whether as a matter of law, on the facts stated in the petition for removal, taken in connection with the record, a case for removal was established.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201; Dec. Dig. § 89.*]

5. REMOVAL OF CAUSES (§ 89*)—GROUNDS FOR REMOVAL—PETITION—ALLEGATIONS OF FACT—ISSUES.

Allegations of fact contained in a petition for removal on which the removability of the cause depends may be put in issue by plaintiff's plea to the jurisdiction of the federal court in the nature of a plea in abatement, or by an answer to the petition for removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201; Dec. Dig. § 89.*]

6. REMOVAL OF CAUSES (§ 107*)—GROUNDS OF REMOVAL—JURISDICTIONAL AVERMENTS—ISSUES—PETITION TO REMAND.

Affirmative jurisdictional averments in a petition for removal may be put in issue by a motion to remand, if it either expressly denies the averments of the petition for removal, or is based on a ground which in effect traverses or negatives such averments, or is supported by an affidavit

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which constitutes a denial thereof; but not by a mere general motion to remand or one in the nature of a demurrer to the petition for removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

7. REMOVAL OF CAUSES (§ 107*)—GROUNDS—ISSUES—MOTION TO REMAND.

Plaintiff brought suit against a nonresident corporation and J. and another, who were residents of the same state as plaintiff. The nonresident removed the cause, alleging that the resident defendants were fraudulently joined to prevent a removal and that J. was not liable to plaintiff. He moved to remand, the motion alleging as a second ground: "Because this is a suit to recover on a tort in which it is shown that defendants C-H. Co. (the nonresident) and J. are jointly liable to plaintiff, and this being true, and it further appearing that plaintiff and said J. are," and at the time and prior to the institution of the suit were, residents of the same state, the cause is not removable. *Held*, that such motion, under all the circumstances, sufficiently traversed the averments of the petition for removal that J. was not liable to plaintiff and was improperly joined, to require the removing defendant to establish the fact.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

8. REMOVAL OF CAUSES (§ 107*)—MOTION TO REMAND—ISSUES.

Where plaintiff's motion to remand in fact informally joined issue on the removing defendant's allegation in the petition for removal that the resident defendant was fraudulently joined to prevent a removal, but had been treated by the removing defendant as not raising an issue on such question, plaintiff would not be entitled to have the cause remanded on the pleadings, but the removing defendant would be given an opportunity to try such issue of fact.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

9. REMOVAL OF CAUSES (§ 107*)—ISSUES—DETERMINATION.

Where an issue of fact is joined on the removal petition, application should be made to the court to determine whether the issues shall be tried on affidavit, oral testimony, depositions, or otherwise.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

At Law. Action by Ross Jones against the Casey-Hedges Company and others. The Casey-Hedges Company having removed the cause to the federal court, plaintiff moves to remand. Denied, for further hearing on affidavits.

This is a suit for damages for personal injuries in the sum of ten thousand dollars, which was commenced by the plaintiff in the Circuit Court of Hamilton County, Tennessee, by the issuance of summons against the Casey-Hedges Co., The Casey-Hedges Manufacturing Co. and Lloyd Jones, as defendants. Before the plaintiff's declaration had been filed in the State court the defendant Casey-Hedges Co. seasonably presented to the State court, after due notice, a petition for the removal of the suit to the United States District Court, alleging that there was in said suit a controversy wholly between citizens of different States, that is, between the petitioner, a citizen and resident of the State of Ohio, and the plaintiff, a citizen and resident of the State of Tennessee, and that its co-defendants Lloyd Jones and The Casey-Hedges Manufacturing Co., both citizens and residents of Tennessee, had been fraudulently and improperly joined as co-defendants for the sole purpose of defeating the jurisdiction of the Federal Court, the petition setting forth in detail the alleged lack of connection on the part of said co-defendants with the injuries received by the plaintiff and entire absence of responsibility therefor. A transcript of the record from the State court having been filed in the Fed-

eral Court, the plaintiff moved to remand the case to the State court on two grounds: 1. "Because it appears that the plaintiff and one of the defendants sued, to-wit, Lloyd Jones, are both residents of said County and State, hence this court is without jurisdiction." 2. "Because this is a suit to recover on a tort, in which it is shown that defendants Casey-Hedges Company and Lloyd Jones are jointly liable to plaintiff, and this being true, and it further appearing that plaintiff and said Lloyd Jones are residents of Hamilton County, and were such residents at and prior to the institution of the suit, the defendant company is not entitled to remove this cause to this court."

Thomas S. Myers and Joe V. Williams, both of Chattanooga, Tenn., for plaintiff.

Watkins & Watkins and Anderson & Rankin, all of Chattanooga, Tenn., for defendants.

SANFORD, District Judge. **[1]** 1. As the petition for removal was filed before the declaration had been filed in the State Court, the cause of action is, for present purposes, to be taken as that shown by the copy of the declaration filed in the former suit in the State Court and exhibited with the affidavit of plaintiff's attorney. See, by analogy, Welch v. Railway Co. (C. C., E. D. Tenn.) 177 Fed. 760, 761.

**[2]** 2. This copy of the declaration shows, on its face, joint liability on the part of the non-resident defendant, the Casey-Hedges Co., and its co-defendant Lloyd Jones. And in the absence of a showing of the fraudulent and merely colorable joinder of Lloyd Jones as a defendant to defeat removal, such joint cause of action must hence be held, regardless of its final merits, as not removable to this Court by the Casey-Hedges Co. on the ground of a separable controversy. Alabama Railway v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Welch v. Railway Co. (C. C., E. D. Tenn.) supra.

**[3]** 3. The plaintiff's averments of joint liability are not, however, conclusive, where the non-resident defendant, in its petition for removal, avers that the resident defendant is not liable to the plaintiff and was joined as a party defendant in bad faith and for sole purpose of defeating a removal to the Federal Court; and if such non-liability and wrongful joinder be established, the case, though on its face one of joint liability, will be held removable as though such resident defendant had not been joined. Louisville Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 474; Wecker v. Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Dishon v. Railway Co. (6th Circ.) 133 Fed. 471, 474, 66 C. C. A. 345; Hunter v. Railroad Co. (6th Circ.) 188 Fed. 645, 648, 110 C. C. A. 459; Welch v. Railway Co. (C. C., E. D. Tenn.) supra, at page 764; Lewis v. Railway Co. (C. C., E. D. Tenn.) 192 Fed. 654, 658, and cases cited.

4. The petition for removal, however, specifically and sufficiently alleges that both Lloyd Jones and the Casey-Hedges Manufacturing Co., the resident defendants, are not liable to the plaintiff and were joined as defendants in bad faith and for the sole purpose of defeating a removal to this Court. See, as to the sufficiency of such averments, the cases cited in paragraph 3 of this opinion, supra.

5. The copy of the declaration referred to hereinabove shows no

cause of action whatever against the Casey-Hedges Manufacturing Co., and it is, in effect, conceded in plaintiff's brief, that none exists. As to the joinder of such company as a co-defendant, the petition for removal must, hence, clearly be sustained.

6. As to the joinder of Lloyd Jones as a co-defendant, the question presented is primarily one of practice.

The plaintiff, without filing any plea to the jurisdiction of the court or answering the petition for removal, filed a motion to remand.

The first ground of the motion, that because it appears that the plaintiff and Lloyd Jones are both residents of this State, this Court is hence without jurisdiction, is, in effect, merely a demurrer to the petition for removal, and, in view of the allegations of the petition for removal, obviously insufficient.

The second ground of the motion, which is very inartificially framed, is as follows:

"Because this is a suit to recover on a tort in which it is shown that defendants Casey-Hedges Company and Lloyd Jones are jointly liable to plaintiff, and this being true, and it further appearing that plaintiff and said Lloyd Jones are residents of Hamilton County, and were such residents at and prior to the institution of the suit, the defendant company is not entitled to remove this cause to this court."

The plaintiff also filed on the same day the affidavit of one of its attorneys, which is not, however, referred to in the motion, averring his information and belief as to the joint liability of Jones with the removing defendant, which affidavit is accompaned by the copy of the declaration above referred to, alleging acts of negligence on the part of said Lloyd Jones concurring with that of Casey-Hedges Company in causing the injury to the plaintiff.

The Casey-Hedges Company has replied to this motion by a brief of somewhat anomalous character, in which it insists, in the first place, that the averments of fraudulent joinder in the removal petition must be held conclusive in the absence of a joinder of issue by the plaintiff by appropriate pleading, and, in the second place, has filed as exhibits attached to the brief various original pleadings in the former suit in the State Court, and also an affidavit of its auditor, supporting, it is urged, the allegations of fraudulent joinder contained in the petition.

7. The practice under petitions for removal and motions to remand is of a somewhat informal character, and some apparent contradiction exists in the authorities as to the effect of a motion to remand, in view of the fact that in ruling upon the sufficiency of motions to remand as a joinder of issue upon the petition for removal, the precise character of the particular motion has not always been specifically pointed out. See 2 Fost. Fed. Pract. (4th Ed.) pp. 1618 and 1620, and cases cited in notes. When the specific motions in the different cases are, however, considered, the following principles are, I think, clearly established without any substantial conflict of opinion:

[4] (a) Where a petition for removal affirmatively alleges the requisite jurisdictional facts showing a right of removal in the defendant, and the plaintiff does not, in some appropriate manner, join issue as to such allegations of fact, the only question presented is whether, as a

matter of law, upon the facts stated in the petition for removal, taken in connection with the record, a case for removal was made out. Kentucky v. Powers, 201 U. S. 1, 33, 34, 26 Sup. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; Dishon v. Railway Co. (6th Circ.) supra, 133 Fed. at page 475, 66 C. C. A. 345; Donovan v. Wells-Fargo & Co. (8th Circ.) 169 Fed. 363, 94 C .C. A. 609, 22 L. R. A. (N. S.) 1250.

[5] (b) Under the established practice in most of the circuits such affirmative allegations of fact in the petition for removal upon which the removability of the cause depends, are usually put in issue by the plaintiff by a plea to the jurisdiction of the Federal court, in the nature of a plea in abatement. 18 Enc. Pl. & Pr. 372, and cases cited in note 2. They may, however, also be put in issue by an answer to the petition for removal. Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992; Whitcomb v. Smithson, 175 U. S. 635, 636, 20 Sup. Ct. 248, 44 L. Ed. 303; Dishon v. Railway Co. (6th Circ.) supra, 133 Fed. at page 475, 66 C. C. A. 345.

[6] (c) The affirmative jurisdictional averments in the petition for removal may also, it seems, be sufficiently put in issue by a motion to remand, if such motion either expressly denies the averments of the petition for removal, or is based upon a ground which, in effect, traverses or negatives such averments, or is supported by an affidavit which constitutes a denial of such averments. Mansfield Co. v. Swan, 111 U. S. 379, 381, 384, 4 Sup. Ct. 510, 28 L. Ed. 462; Plymouth Co. v. Canal Co., 118 U. S. 264, 269, 270, 6 Sup. Ct. 1034, 30 L. Ed. 232; Morris v. Gilmer, 129 U. S. 315, 327, 9 Sup. Ct. 289, 32 L. Ed. 690; Kansas City Co. v. Herman, 187 U. S. 65, 70, 23 Sup. Ct. 24, 47 L. Ed. 76; Alabama Railway v. Thompson (U. S.) supra; Wecker v. Enameling Co. (U. S.) supra; Curnow v. Insurance Co. (C. C.) 44 Fed. 305; 18 Enc. Pl. & Pr. 374, and cases cited in notes 4 and 5.

(d) But if, on the other hand, the motion to remand does not either expressly or by necessary inference raise an issue upon the jurisdictional facts alleged in the petition for removal, as where it is merely a general motion, without stating any grounds, or where the ground upon which it is based is in effect merely a demurrer to the petition for removal, such motion, under the well established practice, is not sufficient to raise an issue upon the facts alleged in the petition. Kentucky v. Powers, supra, 201 U. S. at page 34, 26 Sup. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; Hunter v. Railway Co. (6th Circ.) 188 Fed. at page 649, 110 C. C. A. 459; Dishon v. Railway Co. (6th Circ.) supra, 133 Fed. at page 475, 66 C. C. A. 345; Dow v. Bradstreet Co. (C. C.) 46 Fed. 824, 828; Durkee v. Railroad Co. (C. C.) 81 Fed. 1, 2; Carlisle v. Telephone Co. (C. C.) 116 Fed. 896, 897; Ross v. Railroad Co. (C. C.) 120 Fed. 703, 704; Kelly v. Railway Co. (C. C.) 122 Fed. 286, 289.

[7] 8. I have had great difficulty in determining whether the plaintiff's motion to remand in this case, is, in view of its highly inartificial character, to be deemed as merely in the nature of a demurrer to the petition for removal or as sufficiently traversing the allegations of fact in the petition for removal to raise an issue thereon. I have concluded, however, that as the second ground of the motion commences with the

words "Because this is a suit to recover on a tort in which it is shown that defendants Casey-Hedges Co. and Lloyd Jones are jointly liable to plaintiff, and this being true," etc., and as this motion was evidently intended to be supported by the affidavit of the plaintiff's attorneys and the copy of the declaration above referred to, it should be held as sufficiently traversing, by necessary inference, the averment of the allegations of the petition for removal that there is no liability on the part of said Lloyd Jones to the plaintiff, and that he was improperly joined as a defendant; since it necessarily follows that if it is true that said Lloyd Jones is jointly liable with the Casey-Hedges Co. to the plaintiff, as stated in the motion, he was not improperly joined as a defendant. I have been largely controlled in reaching this conclusion by the analogy to Mansfield Co. v. Swan, supra, in which it was said that a motion to remand on the ground, among others, "because the 'real and substantial controversy in the cause is between real and substantial parties who are citizens of the same State and not of different States,'" was "equivalent to a special plea to the jurisdiction of the court" (111 U. S. 381, 384, 4 Sup. Ct. 511, 512, 28 L. Ed. 462); and to Plymouth Co. v. Canal Co., supra, in which a motion to remand one ground of which was, "because * * * it does not appear that the parties to the suit were or have been wrongfully joined as such," was held, in effect, to raise an issue of fact upon the averments of fraudulent joinder contained in the petition for removal and to cast the burden of proof upon the removing defendant (118 U. S. 269, 270, 6 Sup. Ct. 1034, 1037, 30 L. Ed. 232).

[8] 9. It does not follow, however, that plaintiff's motion to remand should now be sustained, even although the effect of its informal joinder of issue upon the averments of the petition for removal casts the burden of proving the allegations of the petition upon the removing defendant, and even although in the evidence sought to be offered by the removing defendant in the anomalous form of exhibits to its brief, it has not sustained such burden of proof. It is clear that the removing defendant has not treated the motion to remand as sufficiently raising the issue of fact to cast such burden upon it; and it is not a strained inference, I think, that for that reason it has not, any more than the plaintiff, sought to show the exact facts in connection with the accident, for the purpose of enabling the court to determine whether or not the defendant Lloyd Jones had any such connection with the accident as to afford any reasonable ground of belief to the plaintiff for joining him as a co-defendant.

[9] Furthermore I think that, in the absence of a general rule of court upon the subject, proper practice requires that when issue is joined upon the averments of fact in a removal petition, application should be made to the court, as a preliminary matter, to fix the procedure to be followed in determining such issues of fact, whether by affidavit, oral testimony, depositions, or otherwise. See: Welch v. Railway Co. (C. C., E. D. Tenn.) supra, 177 Fed. at page 765; Lewis v. Railway Co. (C. C., E. D. Tenn.) supra, 192 Fed. at page 659; and, by analogy, Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L.

Ed. 682, and McEldowney v. Card (C. C., E. D. Tenn.) 193 Fed. 475, 484.

10. On the whole, therefore, I conclude that, without acting finally upon the motion to remand at this time, an order should be entered which shall provide: that the motion to remand and the accompanying affidavit stand and be deemed as a joinder of issue upon the allegations of the removal petition as to the wrongful joinder of Lloyd Jones as a co-defendant; that if neither party shall apply for a hearing otherwise the issues under the petition for removal and motion to remand shall be heard upon affidavits, such affidavits to be filed by each party within thirty days from the entry of the order; that at the expiration of such thirty days each party shall within ten days thereafter file briefs complying with the rules of the court; and that the papers be then transmitted to me by the clerk for decision.