GIBSON v. CHESAPEAKE & O. RY. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1914.)

No. 2465.

**1. Removal of Causes (§ 86*)—Diversity of Citizenship—Resident Defendants—Fraudulent Joinder—Removal Petition.**

A removal petition, alleging diversity of citizenship between plaintiff and the petitioning defendant and charging that the three codefendants whose citizenship was the same as that of plaintiff were fraudulently joined solely to prevent removal; that all the allegations of negligence made against such codefendants were untrue, were known to be untrue by plaintiff at the time the suit was brought, and were fraudulently made for the purpose stated; that the petitioning defendant was in sole control, charge, and operation of the line at the time of the injuries complained of under lease from the resident corporation defendant; and that neither of the individual defendants had anything whatever to do with the accident, etc., was sufficient.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*

Fraudulent joinder of parties to prevent removal, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

**2. Railroads (§ 134*)—Lease of Lines—Liability of Lessor—Injuries to Servant of Lessee.**

Where a railroad company validly leases its lines to another railroad, the lessor company is not liable as an employer for injuries caused to employés of the lessee company by the latter's negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 423–433; Dec. Dig. § 134.*]

**3. Removal of Causes (§§ 89, 107*)—Petition to Remove—Allegations—Burden of Proof.**

Where plaintiff denies the allegations of a petition to remove, the burden is on the removing defendant to substantiate them, but a mere motion to remand, in absence of such denial, amounts only to a demurrer to the petition admitting the facts for the purposes of the motion, and this though the petition to remove was not sworn to by an officer of the removing defendant but by its attorney.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 178, 189, 192–195, 197, 200, 201, 225–232, 234; Dec. Dig. §§ 89, 107.*]

**4. Master and Servant (§ 177*)—Injuries to Servant—Fellow Servants—Employers' Liability Act.**

Prior to the passage of federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), a servant of a railroad company could not recover for injuries sustained through the negligence of a fellow servant though in different departments of labor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 307, 352, 353; Dec. Dig. § 177.*]

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. APPEAL AND ERROR (§ 1078*)—ASSIGNMENTS OF ERROR—WAIVER—FAILURE TO ARGUE.

Assignments of error not alluded to in the brief of plaintiff in error may be regarded as waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256-4261; Dec. Dig. § 1078.*]

6. REMOVAL OF CAUSES (§ 86*)—PETITION TO REMOVE—MOTION TO REMAND—DENIAL—LEAVE TO ANSWER.

A nonresident defendant having moved to remove the cause and alleged a fraudulent joinder of resident defendants to prevent removal, plaintiff moved to remand without taking or offering to take issue upon the petition to remove. The motion to remand was overruled, as was also a motion to reconsider the order overruling that motion, whereupon defendants on October 19, 1908, jointly and severally demurred to the petition as not stating a cause of action against all or either of the defendants, and 16 days later plaintiff, pending such demurrer, asked leave to answer the petition for removal filing with the motion her proposed answer. On the day the demurrer was submitted for decision, which was 55 days after the denial of the motion to reconsider the refusal to remand, the case was specially set for trial at a date ten days later; the application for leave to answer having been made without giving any reason for the delay. Held, that an order denying such leave was not an abuse of discretion.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166-179; Dec. Dig. § 86.*]

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by Emma Gibson, as administratrix of the estate of James Gibson, deceased, against the Chesapeake & Ohio Railway Company and others. Judgment for defendant, and plaintiff brings error. Affirmed.

Robert C. Simmons and Byrne & Read, all of Covington, Ky., for plaintiff in error.

Worthington, Cochran & Browning, of Maysville, Ky., for defendant in error.

Before WARRINGTON and KNAPPEN, Circuit Judges, and HOLLISTER, District Judge.

KNAPPEN, Circuit Judge. Plaintiff in error, as administratrix (she being a citizen of Kentucky), brought suit in a court of that state against the Chesapeake & Ohio Railway Company, a Virginia corporation (defendant in error here), the Chesapeake & Ohio Railway Company of Kentucky, a corporation of the latter state, and two individual defendants, both citizens of Kentucky, for the recovery of damages resulting from the death of plaintiff's husband. The petition alleged, in substance, that the Kentucky corporation was at the time of the alleged injuries engaged in the operation of a railroad over the same lines as the other corporation defendant, and was consolidated with the latter and a part of its system, having the same officers and employés; that the intestate, while in the employ of defendant in error as conductor, in spotting cars, received the injuries from which he died, through being struck by a rail thrown upon the car by the two

individual defendants, as agents and employés of the corporate defendants.

Defendant in error filed petition for removal, on the ground of diversity of citizenship, alleging that its three codefendants were fraudulently joined for the sole purpose of preventing removal; averring that all the allegations of negligence made against its codefendants were untrue, were known to be untrue by the plaintiff up to and at the time of bringing her suit, and fraudulently made for the purpose stated. It is further alleged that defendant in error was in the sole control, charge, and operation of the line at the time of the injuries complained of·under lease from the Kentucky corporation; that the terms of this lease were known to plaintiff before and at the time of bringing suit; and that neither of the individual defendants had anything whatever to do with the accident, it being alleged that one of them was not even present when it occurred, and the other, while in the employ of defendant in error, had no part or parcel in the accident. The state court made the order of removal, and the cause was duly docketed in the court below. In due time plaintiff moved to remand, without taking or offering to take issue upon the allegations in the petition for removal. The motion to remand was overruled, as was also a motion to reconsider the order overruling that motion. Thereupon defendants, on October 19, 1908, jointly and severally demurred to plaintiff's petition, as not stating a cause of action against all or either of the defendants. Sixteen days later plaintiff asked leave to answer the petition for removal, filing with the motion her proposed answer. The motion was denied, and the cause continued, either generally or for preparation, from time to time until the demurrer was sustained, and the cause dismissed on plaintiff's failing to amend. Error is assigned upon the overruling of the motion to remand and the motion to reconsider that motion, the denial of motion to file answer to the petition for removal, to the sustaining of demurrer to plaintiff's petition and to the dismissal thereof.

[1-3] It is clear that if the court below properly exercised its discretion in refusing leave to answer the petition for removal the judgment should be affirmed. Cause for removal was stated on the face of the petition therefor, through the express allegations of fraudulent joinder. Wecker v. National Enameling, etc., Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Hunter v. Illinois Central R. R. Co. (C. C. A. 6th Cir.) 188 Fed. 645, and cases cited at page 648 of 110 C. C. A. 459. If the Kentucky corporation was really a lessor merely, as alleged in the petition to remove, no right of action existed as to it. Swice's Adm'x v. Maysville & B. S. Ry. Co. et al., 116 Ky. 253, 257, 75 S. W. 278. Had plaintiff denied the allegations in the petition to remove, the burden would have been upon the removing defendant to substantiate them. Trivette v. C. & O. Ry. Co., (C. C. A. 6th Cir.) 212 Fed. 641, 643, 129 C. C. A. 177. The motion to remand, in the absence of such denial, amounted merely to a demurrer to the petition, admitting the facts for the purposes of the motion. Kentucky v. Powers, 201 U. S. 1, 33, 34, 26 Sup. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; Hunter v. Illinois Central R. Co., supra, 188 Fed. at page 649, 110 C. C. A. 459, and cases there cited; Enos

v. Kentucky Distilleries & W. H. Co. (C. C. A. 6th Cir.) 189 Fed. 342, 345, 111 C. C. A. 74. The fact that the petition to remove was not sworn to by an officer of the defendant in error, but only by its attorney, does not alter the situation. Hunter v. Illinois Central R. Co., supra, 188 Fed. at pages 648, 649, 110 C. C. A. 459. As the record stood, the motion to remand, as well as the motion to reconsider the order thereon, were properly overruled.

[4, 5] If the case was removable, judgment was properly entered for defendant in error, against which defendant alone the writ of error and citation were made to run. The accident having occurred before the passage of the federal Employers' Liability Act, the rule prohibited recovery for the negligence of fellow servants, although in a different department from that of the injured servant; for in the federal courts the departmental theory is rejected. No. Pacific R. R. Co. v. Dixon, 194 U. S. 338, 343-346, 24 Sup. Ct. 683, 48 L. Ed. 1006; Texas & Pacific R. R. Co. v. Bourman, 212 U. S. 536, 541, 29 Sup. Ct. 319, 53 L. Ed. 641; Illinois Central R. R. Co. v. Hart (C. C. A. 6th Cir.) 176 Fed. 245, 247, 100 C. C. A. 49. We may add that the assignments relating to the overruling of demurrer and entry of judgment thereon might all be treated as waived, through failure to allude to them in brief (there being no oral argument). American Fibre-Chamois Co. v. Buckskin Fibre Co. (C. C. A. 6) 72 Fed. 508, 18 C. C. A. 662.

[6] We are thus brought to the question whether it should be held that discretion was improperly exercised by the court below in denying leave to answer the allegations of fact in the petition for removal. In Hunter v. Illinois Central R. Co., supra, we declined to overrule the discretion exercised by the trial court in denying a similar application. The facts in the Hunter Case were not identical with those presented here, for in that case the application was made "only on the eve of trial," while in this case the leave to file was asked for within a little over two months after the denial of the motion to reconsider the refusal to remand; and, as it turned out, the demurrer was not finally disposed of until about three years later. But the circumstances presented a case for the exercise of discretion by the District Court. Upon the day that the demurrer was submitted for decision (which was 55 days after the denial of the motion to reconsider the refusal to remand) the case was, by order of the court, specially set for trial at a date ten days later. Two days before the expiration of this period the cause was, by consent of the parties, "continued for preparation" generally; that is to say, without fixing the date when it would be taken up. The application for leave to answer was made without giving any reason for the delay or for the requested indulgence.

In these circumstances, we cannot say that the court improperly exercised its discretion. There must be somewhere a limit beyond which the court is not bound to extend indulgence in entertaining applications of this nature, especially where, as here, no special reason therefor is shown. It is the abuse of discretion, not its proper exercise, that can be reviewed. Such discretion cannot be said to be improperly exercised even if, looking backward, we should think that in the same circumstances we might have exercised discretion differently. True,

taking an ex post facto view, it may be said that the long delay in deciding the demurrer to plaintiff's petition shows that no harm could have resulted from granting the application in question; but the court's discretion must be judged by the situation at the time it was exercised. If its exercise was then proper, it cannot become improper from the mere fact of delay in ultimately disposing of the case itself. Indeed, not only would it seem unlikely that such delay was then contemplated, but the record shows that the cause was continued from time to time by order of the court—twice by consent of the parties, once on their joint motion, once because neither appeared at the term, and later on the plaintiff's motion.

The judgment of the District Court is accordingly affirmed, with costs.