SIMON v. STANGL et al.

District Court, D. Minnesota, Fourth Division.

Dec. 10, 1931.

Earl J. Maxwell, of Minneapolis, Minn., for plaintiff.

Shearer, Byard & Trogner, of Minneapolis, Minn., for defendant. Prudential Ins. Co.

MOLYNEAUX, District Judge.

This case was removed from the state court to the federal court upon the petition of the defendant the Prudential Insurance Company, on the ground of diversity of citizenship and a separable controversy between the plaintiff, a citizen of Minnesota, and the Prudential Insurance Company, a citizen of New Jersey.

The motion to remand is made upon the ground that this court is without jurisdiction in the case, and that the case was improperly removed to this court, for the reason that the complaint states a joint cause of action against the two defendants.

The plaintiff sued the defendants as joint tort-feasors. The material part of the com-plaint, as far as this motion is concerned, is as follows:

"The Prudential Insurance Company of America was and is a corporation engaged in the insurance business in the state of Minnesota and elsewhere and 'the Defendant, M. W. Stangl, during all of the times herein mentioned and ever since said time has been and now is an officer and agent of said insurance company. That the statements and acts of said Stangl were committed as such agent and officer and while in the furtherance of the business of said insurance company and for and on behalf of said company. That such acts and statements were authorized, and/or ratified, and/or approved by the defendant insurance company.

"That while in possession of and with full knowledge of the facts hereinbefore set forth during the month of December, 1930, the Defendants, by and through the Defendant, M. W. Stangl who was then acting individually and for and on behalf of and in the furtherance of the business of the defendant insurance company, wilfully, wantonly, maliciously, and falsely spoke of and concerning the Plaintiff, and in the hearing and presence of others, these words:" the slanderous words set out in the complaint.

The jurisdictional amount is involved.

The petition for removal, among other things, alleges:

"Your petitioner further respectfully represents that there is embodied in said action, a controversy which is wholly between citizens of different states and which can be fully determined as between them, to wit: Between your petitioner, The Prudential Insurance Company of America, one of the defendants above named, and the said Edward Simon, plaintiff above named. That the citizenship and residence of your petitioner and of said plaintiff are as hereinafter set forth and alleged.

"That the nature of said controversy between your petitioner and said plaintiff is as follows, and that your petitioner and the said plaintiff are both actually interested therein, to wit: That as appears from said complaint, it is claimed and alleged by plaintiff that at all times in said complaint mentioned the defendant M. W. Stangl was and now is an officer and agent of your petitioner and that the statements and acts of said defendant Stangl were committed as such agent and officer and while in the furtherance of the business of your petitioner and for and on its behalf. That it is further alleged and claimed in said complaint that

the defamatory words alleged to have been spoken of the plaintiff and for which he claims damages of your petitioner in the sum of Thirty Thousand Dollars ($30,000.00) were spoken solely by the defendant, M. W. Stangl as the agent and employee of your petitioner and not otherwise.

"Your petitioner further shows that at all times mentioned in said complaint, the said defendant M. W. Stangl was in the employ of your petitioner as an investigator and in no other capacity. That said defendant Stangl during any of the times mentioned in said complaint was not and is not now either an officer or agent of your petitioner and your petitioner specifically alleges and states the fact to be that it never authorized or ratified or approved the doing of any of the acts or the making of any of the statements of and concerning plaintiff alleged in said complaint to have been done or made by said defendant M. W. Stangl."

The removing defendant further alleges in its petition for removal:

"That as a result of the foregoing facts, there is no joint liability on the part of the defendants upon the alleged cause of action set forth in plaintiff's complaint and that the joinder of said M. W. Stangl is a legal fraud upon your petitioner and intended to prevent it from exercising its right to remove this case for trial to the District Court of the United States in and for the District of Minnesota."

■ It is apparent that the complaint on its face states a joint cause of action against the two defendants.

■ In the case of a tort which gives rise to a joint and several liability, the plaintiff has an absolute right to elect to sue the tort-feasors jointly, whatever his motives in doing so may be. Illinois C. R. Co. v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208.

But in the case at bar the petition for removal raises the issue that there was no joint cause of action existing in the case, and that the joinder was fraudulent. The petition for removal denies that Stangl was its agent except that Stangl was in its employ as an investigator, and denies that Stangl uttered the slanderous words alleged in the complaint as the agent of the Prudential Insurance Company or within the scope and course of his employment or in the furtherance of its business, and alleges that the allegations in the complaint to that effect are false and fraudulent and made for the purpose of preventing the removal of this case.

The insurance company has filed its answer to the complaint in this court, substantially alleging the allegations set out in the petition for removal, and alleging facts which, if true, it would follow that the two defendants were not joint tort-feasors.

The plaintiff has filed a reply to the answer, denying each and every allegation in the answer except as the answer admits the allegations of the complaint.

Neither the complaint nor the reply were verified. The petition for removal was verified by the insurance company's attorneys appearing in the case and for the reason, as alleged in the verification, that no officer of the company was present in this district.

■ It thus appears that the petition for removal raises the issue of fraudulent joinder of the defendants and states facts which, if true, would indicate that the joinder was fraudulent and for the purpose of preventing removal of the case from the state court to the federal court.

It was incumbent upon the plaintiff, if he wished to controvert the facts stated in the removal petition, to make an issue in respect thereto. Donovan v. Wells Fargo & Co. (C. C. A.) 169 F. 363, 22 L. R. A. (N. S.) 1250.

■ Such issue cannot be raised by a mere motion to remand. Gibson v. Chesapeake & Ohio Ry. Co. (C. C. A.) 215 F. 24; Phillips v. Western Terra Cotta Co. (C. C.) 174 F. 873; Armstrong v. Kansas City So. Ry. Co. (C. C.) 192 F. 608.

It would have been proper for the plaintiff to have raised the issue by affidavit or otherwise producing evidence before the court, contradicting the allegations of the removal petition, and tending to establish the allegations of the complaint to the effect that there was a joint cause of action existing in favor of the plaintiff and against the two defendants.

The motion to remand, in the absence of such denial, amounted merely to a demurrer to the petition admitting the facts for the purposes of the motion. Gibson v. Chesapeake & Ohio Ry. Co., supra.

■ The fact that the petition to remove was not sworn to by an officer of the insurance company but only by its attorney does not alter the situation. Gibson v. Chesapeake & Ohio Ry. Co., supra; Hunter v. Illinois Cent. R. Co. (C. C. A.) 188 F. 645, 648, 649.

■ Had the plaintiff put in issue the allegations of the petition to remove, then the burden would have rested upon the removing de-

fendant to show that the allegations of the complaint alleging joint cause of action were so baseless, colorable, and false that the assertion thereof constituted a fraud on the jurisdiction of the federal court. Farmers' Bank & Trust Co. v. A., T. & S. F. Ry. Co. (C. C. A.) 25 F.(2d) 23; Boyle v. Chicago, R. I. & P. Ry. Co. (C. C. A.) 42 F.(2d) 633; Davis v. Standard Oil Co. (C. C. A.) 47 F. (2d) 48.

In this case the complaint does not allege the facts from which the inference or conclusion of law may be drawn that Stangl uttered the slanderous words as the agent of the defendant insurance company or within the scope and course of his agency.

The plaintiff could have alleged the circumstantial facts from which the conclusion would be drawn that Stangl uttered the slanderous words within the scope and course of his agency. Instead of doing that, the plaintiff resorted, as he had a right to do, to the allegation of a composite ultimate fact, containing elements of both fact and law. It was the duty of the plaintiff to meet the issue of fraudulent joinder by some evidence from which the court could determine the facts in the case with relation to the charge that the joinder was fraudulent.

The plaintiff has not produced any evidence to show in what capacity Stangl was the agent or officer of the insurance company, and has not shown his duties as such officer or agent, nor in what manner the slander was authorized by the company, nor any fact or facts from which the conclusion could be legally inferred that the slander was uttered by Stangl within the scope and course of his agency.

The theory of Code pleadings is that ultimate facts must be alleged from which the legal conclusion of plaintiff's right may be inferred. To avoid inordinate prolixity, the rule has been relaxed and does not forbid the pleading of composite facts including elements both of fact and law in certain instances, and plaintiff was within his rights in so pleading in this case, in my opinion.

The insurance company being met with such composite allegation, has come forward and alleged in its petition facts which, if true, show that there was no joint cause of action in the plaintiff. It was the duty of the plaintiff to meet these allegations by showing facts from which the conclusion might be drawn that there existed in favor of plaintiff a joint cause of action against the defendants.

In accordance with these views it is ordered that the motion to remand be, and is hereby, denied.